THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PETRO BROWN, Defendant-Appellant.

Second District    No. 79-842

Opinion filed December 12, 1980.

Mary Robinson and David Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Petro Brown, was convicted in a bench trial of taking indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, par. 11—4). Defendant appeals, asserting that the trial court failed to determine the competency of an eight-year-old prosecution witness; that defendant was denied the effective assistance of counsel; and that, in sentencing defendant, the court improperly considered prejudicial matters contained in the presentence report.

On November 21, 1978, Petro Brown was charged by information with the offense of taking indecent liberties with Angela Fisher who was then seven years old. At defendant's trial on August 1, 1979, Angela, in response to questions posed by the State's Attorney, stated that she was eight years old, that she knew the name of her first-grade teacher but not that of her second-grade teacher, that she was a Baptist, and that she would get a "whooping" from her mother and a punishment from God if she told a lie. The court itself did not ask Angela any preliminary questions, and defendant's attorney made no objection to her testifying. She testified that, during the afternoon of November 2, 1978, defendant had dragged her into his house by her hair and that he played with himself and her genitalia while she sat on his lap. During cross-examination of Angela, defense counsel pointed out inconsistencies between the testimony she gave during the preliminary hearing and her testimony at trial. During defendant's case in chief, defendant's attorney called Angela as a witness and asked her whether she had smelled alcohol on defendant's breath during the incident in question. She replied that she did. Defendant testified that he was a family man, that he would never hurt a child, and that he gave the girl some candy because she informed him about some people trying to get into his garage. At the end of the trial, the court stated that the testimony of the little girl was very clear, coherent and convincing.

■■ Initially, the State argues that defendant waived his contention that the court failed to determine whether Angela was competent to testify because he failed to object when she testified and failed to include the contention in his post-trial motion. Since the court relied heavily on the testimony of Angela, and because of its obvious importance, we elect to review the defendant's contention, although it was not properly preserved for review. (*People v. Edwards* (1973), 55 Ill. 2d 25, 32). Although it is the duty of the trial court to determine whether the child is competent as a witness (*People v. Sims* (1969), 113 Ill. App. 2d 58, 61), there is no

requirement that the court itself conduct the examination. In the case at bar, the record reveals that the prosecutor conducted a preliminary questioning of Angela and that the trial judge found Angela's testimony to be "clear, coherent and convincing." The record also clearly indicates that Angela was sufficiently mature to (1) receive correct impressions by her senses; (2) recollect these impressions; (3) understand questions and narrate answers intelligently; and (4) appreciate the moral duty to tell the truth. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 622; *People v. Goble* (1976), 41 Ill. App. 3d 491, 497.) Although Angela's testimony on both occasions was not totally consistent, it conflicted only on minor points. These inconsistencies did not relate to her competency but only to her credibility. (*People v. Goble* (1976), 41 Ill. App. 3d 491, 498.) The record discloses that the witness was competent, and we find that the court did not err in allowing Angela to testify. *People v. Edwards* (1973), 55 Ill. 2d 25, 33.

In support of his argument of lack of effective assistance of counsel, defendant points to his counsel's failure to object to Angela testifying without the court conducting a competency hearing, to his counsel's failure to impeach properly Angela's testimony, and to his attorney's tactics of calling Angela to inquire of her as to defendant's sobriety at the time of the incident. In addressing these contentions, we are aware of the rule adopted by our supreme court in determining the competency of privately retained counsel. " 'In such a case, the court will not reverse a conviction because of the incompetency of counsel unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham.' " (*People v. Murphy* (1978), 72 Ill. 2d 421, 436, quoting *People v. Torres* (1973), 54 Ill. 2d 384, 391.) Additionally, the defendant must establish that he suffered a substantial prejudice from the manner in which his counsel conducted his defense. *People v. Witherspoon* (1973), 55 Ill. 2d 18, 21.

With these rules in mind, we examine defendant's contention that his trial counsel was incompetent. First, since the witness was competent to testify, defendant was not prejudiced by his attorney's failure to object to her testifying. Secondly, the record indicates that defense counsel highlighted some of the inconsistencies between Angela's preliminary hearing testimony and her trial testimony. At trial, he asked her questions referring to the record of her testimony in the preliminary hearing. Although there were some inconsistencies in Angela's testimony, the court found the testimony to be clear and convincing; the inconsistencies which existed were minor and not sufficient to impeach her testimony. (*People v. Goble* (1976), 41 Ill. App. 3d 491). Thus, although defense counsel's attempt to impeach Angela failed, he pursued the proper method of impeaching a witness. Compare *People v. Schulman* (1921), 299 Ill. 125, 128.

■■ Defendant's third point regarding the lack of effective assistance of counsel is that counsel, by questioning Angela as to defendant's sobriety at the time of the incident, completely discredited defendant's defenses, namely, that he was a family man, and that he gave the child candy as a reward for informing him of an attempted burglary of his garage. We cannot say that any evidence that defendant had been drinking at the time of the offense completely discredits his defenses. At best, the introduction of such evidence may have constituted an error in judgment or trial strategy on the part of defense counsel but does not constitute a lack of effective assistance of counsel. (*People v. Murphy* (1978), 72 Ill. 2d 421, 437.) The record does not support defendant's assertion that his trial attorney was incompetent.

Defendant finally contends that he is entitled to a new sentencing hearing since the trial court considered, over his objection, prejudicial matters contained in the presentence report.

The following entry was included in the "prior record" section of the presentence report of the probation officer in this matter, and defense counsel objected to its introduction at the sentencing hearing:

"12-30-69   Contributing to         9-13-71   1 yr. Vandalia,
            the Sexual Delin-                  credit for time
            quency of a Minor                  served

The defendant, along with Ricky Lee Cook and Bobby Ray Hicks, was originally charged with Rape and Indecent Liberties and sentenced to the Illinois State Penitentiary for a term of four to five years on May 5, 1970. The conviction was later reversed. The defendant then entered a guilty plea to the above offense and was sentenced as is shown above. The following is a statement of facts in the offense:

On or about December 30, 1969, the defendant, Petro Brown age forty-five, was at his home and assembled with him were co-defendants, Ricky Lee Cook, age nineteen, Bobby Ray Hicks, age twenty-four, and Douglas Brown, his brother, age twenty-three. A drinking party was taking place and during the earlier part of the evening other males and females attended. Around 10:00 p.m. Deborah Sweeny, the victim, came to the house at the request of Ricky Lee Cook, with whom she had previously been intimate and had gone steady with but with whom she had broken off after he and she were caught running away and was sent back to the Youth Commission. After talking to Ricky for a half hour or forty-five minutes, Ricky told her he wanted to talk to her privately in the bedroom and when he got her in the bedroom forced her onto the bed, stripped her of her clothing and copulated with her, all over

the screaming protestation of the victim. When he finished, she tried to leave but was prevented from doing so by being dragged back from the front portion into the house by the defendants. Subsequently Petro Brown and Bobby Hicks copulated with her over her loud protestation. Douglas Brown attempted to copulate with her over her protestation and had her on the bed in a copulating position. However, because he was unable to effect an erection, he did not accomplish the copulation."

This entry discloses that defendant was previously convicted of the offense of contributing to the sexual delinquency of a minor, a misdemeanor, and he was sentenced to one year at Vandalia. As background information in regard to that offense, the report discloses that initially, defendant had been charged with the more serious offenses of rape (a Class X felony) and indecent liberties (a Class I felony) and that he was convicted and sentenced to a five-year term in the penitentiary. However, the conviction was reversed and the defendant thereafter pleaded guilty to the misdemeanor, contributing to the sexual delinquency of a minor. As further purported background information, the report included a detailed description of the occurrence which formed the basis of the offenses with which defendant was initially charged, but did not contain any indication as to the source of the information.

■■ While it was proper for the presentence report to contain a brief account limited to setting forth the factual basis of the prior offense for which defendant had been convicted, it was error to include information concerning charges for which the defendant had not been convicted or information regarding charges where a conviction had been reversed (*People v. Wunnenberg* (1980), 87 Ill. App. 3d 32, 34; *People v. Marselle* (1974), 20 Ill. App. 3d 1012, 1016; *People v. Helton* (1969), 106 Ill. App. 2d 246, 249-50.) Similarly, it was improper to include a detailed account of how the prior offense occurred where such account not only constituted hearsay, but where there was no indication whatsoever as to the source of the information. At a sentencing hearing, the State may use evidence indicating other criminal activity so long as that evidence is accurate and reliable. (*People v. Crews* (1967), 38 Ill. 2d 331, 337; *People v. Kirk* (1978), 62 Ill. App. 3d 49, 52.) And that accuracy and reliability is tested by the rigor of cross-examination. *People v. Crews* (1967), 38 Ill. 2d 331; *People v. Kirk* (1978), 62 Ill. App. 3d 49, 52-53.

Where our consideration is limited to a determination of the proper sentence to be imposed rather than a review of defendant's guilt or innocence, ordinarily, the erroneous admission of such information is not prejudicial to the defendant unless there is a showing, on the record, that the trial court considered it in imposing the sentence. (*People v. Poll*

(1980), 81 Ill. 2d 286, 289; *People v. Jones* (1980), 81 Ill. App. 3d 798, 806; *People v. Perry* (1976), 38 Ill. App. 3d 81, 85.) Absent all indication that the incompetent evidence was actually considered in sentencing defendant, it is presumed that the court disregarded it. *People v. Mosley* (1980), 87 Ill. App. 3d 903, 905.

■■ In the present case, however, such a presumption cannot be made, since the trial court's overruling of the objection to this evidence is an indication itself that the trial court believed the evidence to be proper. (*People v. Stewart* (1970), 130 Ill. App. 2d 623, 627-28; *People v. De Groot* (1968), 108 Ill. App. 2d 1, 11.) Moreover, in sentencing defendant, the trial judge specifically referred to only the misdemeanor conviction; but, he stated that it caused him "much concern." We strongly doubt that a consideration only of the misdemeanor conviction would have caused the trial court "much concern." The judge's comment indicates that he did take into consideration the improper background information, which was set forth in the presentence report, disclosing not only that defendant initially had been charged with rape and convicted of indecent liberties with a child, albeit reversed, but also containing a detailed recitation of the occurrence which portrayed defendant as a 45-year-old man who participated with teenage boys in the sexual molestation of a young girl. While such information concerning the details of another criminal offense may be most relevant to the sentence to be imposed, its accuracy and reliability must be assured before it is admissible. The defendant is entitled to a new sentencing hearing.

The judgment of conviction is affirmed; the sentence is reversed, and the matter remanded to the trial court for a new sentencing hearing.

Affirmed in part; reversed in part.

LINDBERG and WOODWARD, JJ., concur.