**The STATE of Utah, Plaintiff and Respondent,**

v.

**Paul Travis Reese SANWICK, Defendant and Appellant.**

No. 20176.

Supreme Court of Utah.

Jan. 30, 1986.

David S. Biggs, Salt Lake City, for defendant and appellant.

David L. Wikinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

## AMENDED OPINION

PER CURIAM:

Defendant appeals the sentence on a plea of guilty to rape, a first degree felony

under U.C.A., 1953, § 76-5-402 (1978 ed.). He claims that the trial court improperly relied upon hearsay statements in the presentence report in sentencing defendant to prison. Defendant also claims that the court improperly precluded him from confronting his two daughters at the sentencing hearing, thereby denying him due process of law. We affirm.

Defendant was charged with ten counts of rape and sexual abuse of his two minor daughters. He entered a plea of guilty to one count of rape in exchange for a dismissal of the remaining counts. The Utah Adult Probation and Parole prepared a presentence report, recommending incarceration. The presentence report included statements by various people on defendant's violence and sexual abuse of his daughters. At a sentencing hearing held July 26, 1984, defense counsel examined each of the witnesses whose statements were contained in the presentence report. The psychologist treating the children based her knowledge of defendant's violent acts on her evaluation of the girls and information obtained from them. The foster mother named the two children as her source of information, but also implied that she relied on her own observation of the girls. A social worker explained that she gained her knowledge of defendant's violence through the juvenile court records which contained statements made under oath by the children. Defendant moved to strike the comments of those witnesses on the grounds that they constituted hearsay and formed an insufficient basis for sentencing. The motions were denied. Defendant then produced two friendly witnesses who testified to his good character and commented upon their observations of defendant and his family over several years.

Before pronouncing sentence, the judge acknowledged that the information in the presentence report on defendant's violent acts was obtained from defendant's two daughters and then added "but you have to look at the crime itself, too." The court then sentenced defendant to five years to life in the Utah penitentiary with a recommendation that defendant participate in a sex offenders' program at the prison.

At the time of sentencing, the court heard testimony defendant wanted to present concerning the appropriate sentence. That testimony was presented in open court, on record, and in the presence of the defendant, all in accord with proper judicial procedures. U.C.A., 1953, § 77-18-1(2) (Supp.1984). The sentencing phase of a criminal proceeding is not beyond judicial scrutiny. *State v. Amicone*, Utah, 689 P.2d 1341 (1984) (citations omitted). Sentencing is a critical stage of a criminal proceeding. Procedural fairness is equally mandated at the sentencing phase as at the guilt phase of a trial, *State v. Casarez*, Utah, 656 P.2d 1005 (1982), and the sentencing process must satisfy requirements of due process. *State v. Lipsky*, Utah, 608 P.2d 1241 (1980). Except for those constitutional restraints, the trial court has broad discretion in imposing sentence within the statutory scope. He "must be permitted to consider any and all information that reasonably may bear on the proper sentence for the particular defendant, given the crime committed." *Wasman v. United States*, 468 U.S. ——, ——, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424, 430 (1984), *citing Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). *See also State v. Carson*, Utah, 597 P.2d 862 (1979). The information may come from knowledge gained outside the record, *State v. Gibson*, 106 Idaho 491, 681 P.2d 1 (1984), but may not be based upon "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622, 628 (1980) (defendant was not denied due process of law), and *People v. Brown*, 91 Ill.App.3d 163, 46 Ill. Dec. 527, 414 N.E.2d 249 (1980) (false prejudicial information in a presentence report resulted in vacating the sentence imposed on the defendant).

Defendant claims that just such misinformation was contained in his presentence report. According to him, the allegations of violence there set out constitute hearsay of an unconfirmed and unproven

offense which was used as a basis upon which to sentence him. Defendant maintains he could never refute or disprove such vague accusations except through cross-examination of his daughters. These arguments form the underpinnings for his request that upon remand he be permitted to confront his daughters and that his sentence be redetermined in light of their cross-examination. He claims that section 77–18–1(4) of the Code of Criminal Procedure mandates that the sentencing court "shall hear any testimony ... the defendant ... may wish to present concerning the appropriate sentence." We have no quarrel with defendant's interpretation of the statute. However, defendant advances the argument that the witnesses were vital to the defense to refute allegations of violence during the crime. According to a minute entry in the record, defendant pleaded guilty to one count of rape and "that the defendant used force, duress, violence, intimidation, coercion, menace or threat of harm." His attempt to impeach his daughters' testimony at this juncture does not concern the mitigation of the sentence, but amounts to a retraction of the guilty plea. Furthermore, the trial court made it clear in pronouncing sentence that the accusations of violence did not form the exclusive basis for sending defendant to prison, "but you have to look at the crime itself, too."

Defendant's arguments with respect to the admission of hearsay evidence are equally rationally flawed. The rules of evidence in general, and the rules on hearsay exclusions in particular, are inapplicable in sentencing proceedings. Utah R.Evid. 1101(b)(3).

It does not follow, however, that a defendant must stand mute in the face of allegations which he claims are untrue. In *State v. Johnson*, 101 Idaho 581, 618 P.2d 759 (1980), the defendant pleaded guilty to burglary. Subsequently, during the sentencing hearing, hearsay evidence was admitted over the defendant's objection, and the defendant appealed, contending that he was deprived of his right to cross-examination in violation of due process of law. In affirming the conviction, the reviewing court noted that the trial court had broad discretion in conducting sentencing hearings and was not bound by the restrictions of the evidentiary rules. Hearsay was admissible as long as the defendant had the opportunity to rebut the adverse evidence and to challenge the reliability of the evidence presented. Similarly, in *State v. King*, 24 Wash.App. 495, 601 P.2d 982 (1979), the reviewing court acknowledged that "due process considerations come into play at the time of sentencing and require that if hearsay allegations incorporated in a presentence report are challenged [that] defendant be given a chance to rebut them." (Citations omitted.) The record in that case demonstrated that defense counsel denied that certain threatening statements had been made by the defendant and that the defendant had an opportunity to rebut the charges, but chose to say nothing. No due process violations were found to exist. In *State v. Trangsrud*, Mont., 651 P.2d 37 (1982), where the defendant had the opportunity at the sentencing hearing to rebut certain charges and denied the accuracy of the presentence report, the court again held that the defendant's rights to due process of law had been protected.

■ No claim is made here that information in the presentence report was withheld from defendant. Quite the contrary, defendant's counsel meticulously cross-examined those individuals whose comments in the report defendant claimed were false. Defendant, in further rebuttal, was allowed to place on the stand two friendly witnesses who spoke to his good character and their lack of knowledge of any violent behavior. Defendant had every chance to examine fully and controvert any prejudicial information that he claimed played a part in the sentencing procedure. *State v. Lipsky, supra.* We find no denial of due process of law.

The imposition of sentence is affirmed.

STEWART, J., concurs in the result.