**STATE of Utah, Plaintiff and Appellee,**

v.

**Gary STARNES, Defendant and Appellant.**

**No. 920096–CA.**

Court of Appeals of Utah.

Oct. 14, 1992.

---

Willard R. Bishop, Willard R. Bishop P.C., Cedar City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Todd A. Utzinger, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, JACKSON and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

Defendant Gary Starnes appeals a restitution judgment entered against him pursuant to Utah Code Ann. § 76-3-201 (1990). We vacate the judgment and remand for a new hearing.

## BACKGROUND

Starnes pleaded guilty to charges of criminal mischief and assault for an incident that occurred at the home of Phillip Bimstein. Bimstein requested restitution for damages allegedly done to an antique table, two lamps, a vase, and a screen door. A restitution hearing was scheduled, but Starnes did not attend because he had not received notice. At the hearing, a restitution judgment was entered against Starnes in the amount of $281.89.

When Starnes failed to make any payments on the judgment, an order to show cause was filed and a hearing was held on November 8, 1991. Starnes requested that the judgment entered in his absence be set aside and a full restitution hearing be held. A hearing was scheduled for November 13th, only five days later. Starnes appeared at the hearing, but without an attorney.[1] He advised the court that his intended attorney was in the midst of a trial in another city and could not be present. He therefore requested a continuance. The trial court did not expressly grant or deny the continuance. Instead, it made the following ruling.

I'm going to allow the State to ask questions. I'm going to give you an opportunity to cross-examination [sic]. I am going to make an order based upon that fact and that fact alone. I will not sign the order for at least 30 days, allowing you a chance to get counsel involved.

The hearing proceeded and Bimstein testified as to his claimed damages. Starnes attempted to cross-examine Bimstein, but became flustered with the State's persistent objections to his questions. The following dialogue between Starnes and the trial court then occurred, followed by the trial court's ruling.

STARNES: Your Honor, I do not want to embarrass myself.

COURT: You're clearly doing a good job of it sir.

STARNES: Well, sir, I am not a trained attorney.

COURT: That is obvious.

STARNES: Well, I know that, sir. But, I mean, I'm absolutely going nowhere with this.

COURT: That's right.

STARNES: I asked you to give me a continuance and you gave me the 30 days. I guess I'll just have to satisfy myself with that and go from here.

COURT: All right. Thank you Mr. Bimstein. You may step down, sir.

WITNESS: Thank you, your Honor.

COURT: The Court finds from the evidence presented from the record on the Court so far, the plea of guilty having been previously entered, finds restitution in this matter to be appropriate in the amount of $450. That will be the restitution order. I will not sign such

---

1. The trial court granted defendant's request for a new hearing on a Friday and scheduled it for the following Wednesday. Inasmuch as the intervening Monday was a holiday, Starnes only had one full business day to obtain an attorney. He claims that this period was too short for him to arrange to have an attorney present and therefore denied him his right to counsel. The State counters that Starnes did not object to the hearing date when it was scheduled, and therefore waived any objection. Since we find that the restitution hearing granted Starnes was defective on other grounds, we need not address this issue.

an order until the 13th of December, 1991, give you that opportunity.

An unsigned restitution judgment of $450 was placed in the record following the hearing. Starnes subsequently obtained legal counsel who filed a motion objecting to the unsigned judgment and requesting another hearing. Another hearing was held on January 8, 1992. After dealing with matters unrelated to this appeal, counsel for defendant indicated to the trial court that he was ready to go forward with "the rest of that restitution hearing." The trial court asked if Starnes was prepared for an evidentiary hearing and counsel responded that they had two witnesses to testify on the question of damages.

The trial court then requested a proffer of the testimony. Defense counsel indicated that Starnes and another eyewitness would testify that there was no damage caused to the table, lamps, or vase, by the scuffle at Bimstein's residence. Following an interjection by the State that Starnes had already "had his opportunity and did not take it," the trial court immediately began making its findings. It vacated the initial restitution judgment of $281.89 and indicated, for the first time, that it had denied Starnes's request for a continuance at the November 13th hearing. The trial court then stated:

> The Court further finds that the testimony offered by Mr. Bimstein on the hearing date of 13th of November was persuasive as to the damage and as to the costs.
>
> The Court specifically takes note of the proffer made by [defense counsel]. I am applying Rule 1101 of the Utah Rules of Evidence, which suspends the Rules of Evidence for miscellaneous proceedings [such as this].
>
> Now, I find under Rule 1101 that I am staying the Rules of Evidence to the extent that I am considering the offered testimony, the proffered testimony from [defense counsel], from both Mr. Starnes and the other witness....

As to the amount of restitution, the trial court held:

> The Court specifically finds that the Court has the authority to order restitution in an amount double the claimed damage ... and find[s] that the actual damage ... is in the neighborhood of $260. I could order restitution in as much as $520. I do not find that appropriate. But I do find restitution appropriate under the facts of these cases, these circumstances, the hearings prior to and today. Four hundred and fifty dollars is the restitution judgment.

Counsel for Starnes then inquired concerning the proffer of testimony he had offered.

> COUNSEL: Am I understanding that you accept the proffer as given?
>
> COURT: I accept the proffer as given.
>
> COUNSEL: May I call the witnesses for purposes of the persuasiveness of that proffer?
>
> COURT: No, counsel.
>
> COUNSEL: Okay.
>
> COURT: Rule 1101 does not give you that privilege under the circumstances. That's where we stand.

Counsel for the State prepared written findings vacating the initial restitution judgment of $281.89, replacing it with a judgment of $450. The written findings indicate that actual damages were $260, but are silent as to why the trial court increased the amount to $450. The only reasoning behind the increase was an indication that the amount was within the trial court's discretionary range and was "a reasonable and justifiable amount of restitution in this matter."

## ISSUES

Starnes claims that the trial court denied him his statutory right to a full hearing. He also asserts that the trial court's refusal to allow him to present testimony was a denial of his right to due process under the federal and state constitutions.[2] In the

---

**2.** Inasmuch as we may resolve Starnes's claims under his statutory challenge, we do not address his constitutional arguments under our long-standing practice of avoiding constitutional questions when possible. *State v. Anderson*, 701 P.2d 1099, 1103 (Utah 1985).

alternative, Starnes challenges the adequacy of the trial court's findings regarding the imposition and amount of restitution.[3]

## ANALYSIS

■ A defendant is statutorily entitled to a "full hearing" on the question of restitution. Section 76–3–201(3)(c) provides: "If the defendant objects to the imposition, amount, or distribution of the restitution, the court shall at the time of sentencing allow him a full hearing on the issue." Our inquiry is whether the hearings conducted by the trial court, singly or collectively, afforded Starnes a "full hearing." We hold that they did not.

The first hearing, which Starnes missed due to the lack of notice, clearly does not constitute a full hearing for purposes of section 201(3)(c). The second hearing, on the motion for an order to show cause, resulted simply in the scheduling of another hearing five days later and therefore does not satisfy the statute. At the third hearing, Starnes requested a continuance so his counsel could be present. The trial court did not at that time expressly grant or deny the request. Instead, in a rather unorthodox ruling, the trial court indicated that it was going to proceed with the hearing and render judgment, but then stay its judgment for thirty days to allow Starnes's counsel an opportunity to challenge it. The trial court never signed the proposed judgment. Since the trial court granted Starnes another hearing before entering judgment, it effectively granted him a continuance. Consequently, we treat the third and fourth hearings as one.

Even when the third and fourth hearings are combined, however, it is evident that Starnes was not afforded a "full hearing." The trial court refused to "hear" Starnes's evidence that there was no actual damage. Therefore, while Starnes was allowed to appear in court, he was denied an opportunity to present his evidence.

■ The trial court relied on rule 1101 of the Utah Rules of Evidence to bar Starnes from introducing his evidence.[4] Such reliance was misplaced. A relaxing of the rules of evidence does not justify the preclusion of evidence a party wishes to enter in support of its position. Rule 1101 is intended to loosen the formality of the hearing, not prevent the hearing of evidence. If anything, more evidence should be allowed under rule 1101, not less. A proffer of evidence simply does not equate with testimony of an eyewitness.[5] A party should be allowed the opportunity to present testimony, and to cross-examine the other side's witnesses. *See, e.g., Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 29 (Utah App.1991). We hold that the trial court impermissibly utilized rule 1101 to undermine the statutory requirement of a full hearing.

3. Inasmuch as we find the trial court denied Starnes his statutory right to a full hearing, we do not reach his challenge to the findings. We note, however, that Utah Code Ann. § 76–3–201(3) (1990), expressly requires the trial court to make its reasons for granting restitution a part of the record. The statute further requires that the trial court consider the defendant's financial resources and the rehabilitative effect of the restitution when determining whether to award restitution. Corresponding findings should therefore be made on remand. *State v. Haston*, 811 P.2d 929, 936 (Utah App.1991) (findings should follow the statutory framework).

4. Rule 1101 concerns the applicability of the rules and provides as follows:
   (a) Courts and magistrates. These rules apply to all actions and proceedings in the courts of this state except as otherwise provided in Subdivision (b).

   (b) Rule inapplicable. The rules (other than with respect to privileges) do not apply in the following situations:
   . . . .
   . . . .
   (3) Miscellaneous proceedings for extradition, sentencing or granting or revocation of probation, issuance of warrants for arrest, criminal summonses and search warrants and proceedings with respect to release on bail or otherwise;
   . . . .

5. This is not to say that a proffer of testimony would be improper if that is the manner in which the party wishes to present its evidence, only that a party may not be forced against its will to proffer testimony, in lieu of testifying, where material facts are in dispute.

**716**

The State contends that Starnes may not appeal the trial court's refusal to allow his testimony because he did not challenge the trial court's erroneous ruling below. This assertion is contrary to the record. Following the trial court's "acceptance" of Starnes's proffer, his counsel again requested to call the witnesses for the "persuasiveness" of their testimony. The court again ruled that he had no such right in light of rule 1101. While the words "due process," or the language of section 201(3)(c), were never expressly referred to by Starnes's counsel, an objection to hearing the case on the basis of proffer was made, considered by the trial court, and rejected. The issue was therefore preserved for appeal. "A matter is sufficiently raised if it is submitted to the trial court, and the court is afforded an opportunity to rule on the issue." *State v. One 1979 Pontiac Trans Am,* 771 P.2d 682, 684 (Utah App.1989). Starnes had no duty to take exception to the trial court's erroneous ruling. "We have never required criminal defendants who have properly presented a claim to take exception to a trial court's erroneous ruling in order to preserve the issue on appeal." *State v. Emmett,* 839 P.2d 781, 783 (Utah 1992); Utah R.Crim.P. 20.

Inasmuch as we conclude that Starnes was not afforded a "full hearing" as required by statute, we vacate the restitution judgment entered and remand for a full evidentiary hearing wherein Starnes can introduce his evidence. In so remanding, we do not intend that the new hearing be used simply to bolster the trial court's previous holding that Bimstein was entitled to restitution of $450. As is evident from the proffer made by Starnes, he is not just challenging the amount of damages, he is claiming that no restitution should be imposed because no damages were ever incurred. Both aspects of restitution, the imposition and the amount, if any, will need to be determined on remand.

## CONCLUSION

The trial court's refusal to hear Starnes's testimony denied him his statutory right to a full hearing. We therefore vacate the restitution judgment and remand for a new hearing.

JACKSON and ORME, JJ., concur.