2002 UT 98

**STATE of Utah, Plaintiff and Respondent,**

v.

**Lance Michael WEEKS, Defendant and Petitioner.**

**No. 20001049.**

Supreme Court of Utah.

Oct. 8, 2002.

Certiorari Denied Dec. 12, 2002.

Mark L. Shurtleff, Att'y. Gen., Karen A. Klucznik, Asst. Att'y. Gen., Salt Lake City, for plaintiff.

Linda M. Jones, Scott C. Williams, Salt Lake City, for defendant.

DURRANT, Associate Chief Justice:

¶ 1 This appeal concerns the imposition of a restitution award. At a sentencing hearing, the district court ordered that the defendant, Lance Weeks, pay restitution in the amount of $9,104.35. Although Weeks did not object to the restitution amount at that time, he later challenged the amount on the ground that no evidence justified the decision. The district court subsequently upheld its restitution ruling, and Weeks appealed to the Utah Court of Appeals. The Utah Court of Appeals affirmed, reasoning that (1) Weeks had waived his right to challenge the sentencing court's restitution award by failing to object to the restitution decision prior to the conclusion of the sentencing hearing, (2) his waiver of this right was not resuscitated by the sentencing court's post-sentencing actions, and (3) the sentencing court had not committed plain error by failing to make a written finding as to each of the factors listed in subsection 76–3–201(8) of the Utah Code.

¶ 2 On certiorari, Weeks claims the sentencing court erred in four respects. First, he asserts that subsection 76–3–201(4)(e) [1] of the Utah Code does not require that a request for a restitution hearing originate prior to the conclusion of the sentencing hearing. Second, he contends that even if that subsection requires such a request, the sentencing court resuscitated the issue through its post-sentencing actions. Third, he alleges that he did not receive a full hearing on restitution

1. Regarding subsections 76–3–201(4)(e), 76–3–201(4)(d)(i), and 76–3–201(8)(b) and (c), we reference the Utah Code as it existed in 1999. The Utah Legislature has since repealed these subsections because they duplicated several sections of the Crime Victims Restitution Act. Since no substantive modifications were made to the provisions, however, our analysis remains the same. The subsections were renumbered as follows: 76–3–201(4)(e) to 77–38a–302(4), 76–3–201(4)(d)(i) to 77–38a–302(3), and 76–3–201(8)(b) and (c) to 77–38a–302(5)(b) and (c).

because the sentencing court based its restitution decision on evidence that lacked an evidentiary foundation. Finally, he contends that the sentencing court committed plain error when it failed to make written findings regarding each of the factors listed in subsection 76–3–201(8) of the Utah Code.

¶ 3 We conclude that Weeks did receive a full hearing for restitution purposes. We further conclude that Weeks waived his right to challenge the sentencing court's failure to reference on the record each factor listed in subsection 76–3–201(8), and the court's failure to do so did not constitute plain error. We therefore affirm.

## BACKGROUND

¶ 4 On July 6, 1999, Weeks pleaded guilty to five third-degree felonies and two Class A misdemeanors. On September 10, 1999, the district court sentenced Weeks on three of those convictions (two third-degree felonies and one Class A misdemeanor) to an indeterminate period of incarceration ranging from one to five years, and ordered that he pay restitution in the amount of $9,104.35.[2] Weeks did not object to the restitution amount at that time.

¶ 5 Eleven days later, Weeks requested that the district court "schedule a [r]estitution hearing." The district court complied with this request and notified the parties with a document entitled "NOTICE OF RESTITUTION HEARING." At this resti-

tution hearing, Weeks asked for clarification as to how the restitution amount was calculated. The district court responded that the restitution amount had been derived from a presentence investigation report (the "presentence report").

¶ 6 After receiving this explanation, Weeks argued that the restitution amount ordered by the district court did not appear to be supported by any evidence because the figures cited in the presentence report lacked an evidentiary foundation. The State countered that "even if [the figures included in the report were] estimates, they [were] probably only pennies off or probably short." The district court subsequently upheld the restitution amount, ruling from the bench that "[g]iven what I have reviewed, that being the presentence report, as well as the orders in the matter, as well as now having heard arguments of counsel, I[am] persuaded that ... the numbers I have ordered as restitution [are] fair and reasonable." It later entered a written order reaffirming its decision, noting that it had "heard evidence and arguments of counsel."

¶ 7 Weeks appealed to the Utah Court of Appeals, contending that he was entitled to— but did not receive—a "full hearing" under subsection 76–3–201(4)(e) [3] of the Utah Code and that the sentencing court committed plain error by not complying with the requirements of subsections 76–3–201(4)(d)(i) [4] and (8) [5] of the Utah Code. *State v. Weeks,*

2. We note that the sentencing court sentenced Weeks on all seven convictions on September 10, 1999. Only the punishment imposed on three of those convictions is relevant to this appeal, however.

3. Subsection 76–3–201(4)(e) of the Utah Code stated that "[i]f the defendant objects to the imposition, amount, or distribution of the restitution, the court shall at the time of sentencing allow the defendant a full hearing on the issue." Utah Code Ann. § 76–3–201(4)(e) (1999).

4. Subsection 76–3–201(4)(d)(i) of the Utah Code provided as follows: "If the court determines that restitution is appropriate or inappropriate under this subsection, the court shall make the reasons for the decision a part of the court record." Utah Code Ann. § 76–3–201(4)(d)(i) (1999).

5. In pertinent part, subsection 76–3–201(8) of the Utah Code declared as follows:

(b) In determining the monetary sum and other conditions for complete restitution, the court shall consider all relevant facts, including: (i) the cost of the damage or loss if the offense resulted in damage to or loss or destruction of property of a victim of the offense; (ii) the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment; the cost of necessary physical and occupational therapy and rehabilitation; and the income lost by the victim as a result of the offense if the offense resulted in bodily injury to a victim; and (iii) the cost of necessary funeral and related services if the offense resulted in the death of a victim.

(c) In determining the monetary sum and other conditions for court-ordered restitution, the court shall consider the factors listed in

2000 UT App 273, ¶ 6, 12 P.3d 110. In a split decision, the court of appeals rejected both arguments. It reasoned (1) that Weeks had waived his right to a restitution hearing by failing to object to the amount of restitution at his sentencing hearing, (2) that his waiver of this right was not subsequently resuscitated by the sentencing court at the post-sentencing hearing because the court did not receive evidence at that time, *id.* at ¶¶ 10–12, and (3) that the sentencing court had not committed plain error by failing to make a written finding for each factor listed in subsection 76–3–201(8) because that section merely identifies the factors that must be considered by the court and subsection 76–3–201(4)(d)(i) demands only that the court "make the reasons for its decision part of the record," [6] *id.* at ¶¶ 15–17.

¶ 8 Weeks then petitioned this court for a writ of certiorari, which we granted. We have jurisdiction pursuant to subsection 78–2–3(a) of the Utah Code.

¶ 9 On certiorari, Weeks claims the court of appeals erred in four respects. First, he asserts that subsection 76–3–201(4)(e) does not require that a request for a restitution hearing originate prior to the conclusion of sentencing. Second, he contends that even if subsection 76–3–201(4)(e) requires that a request for a restitution hearing be made before the sentencing hearing ends, the sentencing court resuscitated the issue by its post-sentencing actions. Third, he claims that he did not receive a full hearing within the meaning of subsection 76–3–201(4)(e) because the sentencing court based its restitution decision on evidence that lacked an evidentiary foundation. Finally, he alleges that the sentencing court committed plain error when it failed to make written findings regarding each of the factors listed in subsection 76–3–201(8) of the Utah Code.

Subsection (8)(b) and: (i) the financial resources of the defendant and the burden that payment of restitution will impose, with regard to the other obligations of the defendant; (ii) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; (iii) the rehabilitative effect on the defendant of the payment of restitution and the method of payment; and (iv) other circumstances which the court determines make restitution inappropriate.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 10 Three separate principles govern the standard of review applicable to this case. First, in exercising our certiorari jurisdiction, we review the court of appeals' decision, not the opinion of the sentencing court. *See Butterfield v. Okubo,* 831 P.2d 97, 101 n. 2 (Utah 1992). Second, we afford the court of appeals' ruling no deference and review for correctness. *See Brookside Mobile Home Park, Ltd. v. Peebles,* 2002 UT 48, ¶ 11, 48 P.3d 968. Finally, we may affirm the court of appeals' decision on any legal ground or theory supported by the record. *See Dipoma v. McPhie,* 2001 UT 61, ¶ 18, 29 P.3d 1225.

### II. WEEKS'S RIGHT TO A RESTITUTION HEARING

¶ 11 Weeks first argues that the court of appeals incorrectly concluded that subsection 76–3–201(4)(e) requires a defendant to request a restitution hearing prior to the conclusion of sentencing; alternatively, he claims that the court of appeals erred in finding the sentencing court did not resuscitate his right to such a hearing by its post-sentencing actions. We do not reach the merits of either contention, however, because, even if the court of appeals did err in deciding those questions, we conclude that alternative grounds exist for affirming the court of appeals' decision. Accordingly, for purposes of this appeal, we assume that Weeks either timely requested a restitution hearing or that the sentencing court subsequently resuscitated his right to such a hearing.

Utah Code Ann. § 76–3–201(8)(b) to (c) (1999).

6. In concluding a written finding was not required for the factors listed in subsection 76–3–201(8), the court of appeals noted that this Court's decision in *State v. Robertson,* 932 P.2d 1219, 1234–35 (Utah 1997), permitted an appellate court to reasonably assume such findings were made. *Weeks,* 2000 UT App 273 at ¶ 17, 12 P.3d 110,.

### III. SUBSECTION 76–3–201(4)(e)'S FULL HEARING REQUIREMENT

 ¶ 12 We thus turn to the question of whether the sentencing court provided Weeks with a full hearing within the meaning of subsection 76–3–201(4)(e) of the Utah Code. In relevant part, that subsection declares that "[i]f the defendant objects to the imposition, amount, or distribution of the restitution, the court shall at the time of sentencing allow the defendant a *full hearing* on the issue." Utah Code Ann. § 76–3–201(4)(e) (1999) (emphasis added).

¶ 13 Relying on this subsection, Weeks contends that the sentencing court denied him a full hearing because the presentence report it relied on as the basis for ordering restitution lacked an evidentiary foundation. Put differently, he argues that no evidence was introduced at the restitution hearing on which the sentencing court could justify its conclusion. He further asserts that this lack of evidentiary support violates the due process clauses of both the United States Constitution and the Utah Constitution. We disagree.

¶ 14 To begin with, contrary to the court of appeals' opinion, some evidence was presented at the restitution hearing. Indeed, the State pointed to the statements in the presentence report at the restitution hearing as a basis for the restitution amount. Moreover, the sentencing court stated at the restitution hearing that it had "reviewed ... the presentence report" and relied on it to determine the $9,104.35 restitution figure. Finally, in its written order regarding the restitution hearing, the sentencing court noted that it had "heard evidence." Accordingly, the presentence report was indisputably presented as proof at the restitution hearing to support the sentencing court's restitution award.

¶ 15 The presentence report recommended restitution in the amount of $9,104.35. This figure was based on statements made by the two victims, several police reports, and records supplied by an automobile insurance company.[7] Although the sentencing court relied upon the presentence report at the restitution hearing, Weeks claims that the report was insufficient to sustain the sentencing court's decision because it lacked an evidentiary foundation (i.e., it was based on hearsay). We disagree.

¶ 16 A full hearing under subsection 76–3–201(4)(e) of the Utah Code does not require that the State present evidence that would be admissible at trial. No such requirement exists because the rules of evidence do not apply to a restitution hearing. *State v. McBride*, 940 P.2d 539, 541–42 (Utah Ct.App. 1997). Rule 1101(b)(3) of the Utah Rules of Evidence explicitly declares that the evidentiary rules do not apply to sentencing proceedings, Utah R. Evid. 1101(b)(3); *see also State v. Sanwick*, 713 P.2d 707, 709 (Utah 1986) (stating that under Rule 1101(b)(3), "the rules of evidence in general, and the rules on hearsay exclusions in particular, are inapplicable in sentencing proceedings"), and a restitution hearing clearly qualifies as such a proceeding,[8] *McBride*, 940 P.2d at 541–42.

---

7. The presentence report on which the sentencing court based its restitution decision declared that one victim incurred $7,604.35 in total damages and the other victim sustained $1,500.00 in damages.

 In addition, the presentence report declared (1) that Weeks's "only apparent assets [were] his youth and support from his family," (2) that he had "no debts," and (3) that he had "no income [or] expenses." It also summarized his employment history and noted that he had "become a veritable crime wave as an adult" who "displayed a disregard for the laws of society." It then recommended that the court sentence Weeks to concurrent terms and require him "to pay a $625 fine, $532 surcharge, full restitution, and [a] $200 recoupment fee upon parole."

8. Justice Howe contends that the "statute that guarantees the defendant 'a full hearing' must necessarily trump the general rule contained in ... 1101(b)(3)" of the Utah Rules of Evidence. We disagree for four reasons. First, the statute referenced by Justice Howe is silent regarding the applicability of the rules of evidence to restitution hearings. *See* Utah Code Ann. § 76–3–201 (1999) (current version at Utah Code Ann. 77–38a–302 (Supp.2002)). Second, a restitution hearing is, as Justice Howe himself indicates, an "aspect[ ] of sentencing." Third, rule 1101(b)(3) specifically states that the rules of evidence are inapplicable to sentencing proceedings. Utah R. Evid. 1101(b)(3). Finally, Justice Howe's approach would create an anomalous result. Specifically, a defendant would receive greater evidentiary protection regarding the imposition of a

¶ 17 There is wisdom in not applying the evidentiary rules to restitution hearings. Specifically, at the time of sentencing, a judge balances a number of different considerations and needs flexibility in issuing punishment. In fact, he or she often has the option of incarcerating a convicted defendant, fining that individual, and/or imposing a restitution amount. *See State· v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct.App.1991) (noting that the trial court has broad discretion in imposing sentence and may consider many different factors in imposing punishment). Given the variety of options available, a sentencing judge may increase or decrease one form of punishment depending on other punishment imposed. The need for imposing the same evidentiary strictures required in a full-blown trial is therefore diminished because the sentencing judge may have imposed the restitution amount in place of a greater fine or incarceration term. *See* Utah Code Ann. § 76–3–201(8)(b) (1999) (explaining that in ordering restitution, a "court shall consider *all relevant facts*" (emphasis added)); *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) (affirming that there are "sound practical reasons" for not applying evidentiary rules to sentencing proceedings because a sentencing judge has the task of determining "the type and extent of punishment").

¶ 18 For instance, in the three criminal convictions before us (two third-degree felony convictions and one Class A misdemeanor conviction), the judge could have fined Weeks up to $12,500, *see* Utah Code Ann. § 76–3–301(b) to (c) (1999) (stating that a person convicted of a third-degree felony may be fined up to $5,000 and that a person convicted of a class A misdemeanor may be fined up to $2,500), and incarcerated him for an indeterminate period not to exceed eleven years, *see* Utah Code Ann. § 76–3–203(3) (1999) (declaring that a person who has been convicted of a third-degree felony may be sentenced to imprisonment for an indeterminate period not to exceed five years); *id.* § 76–3–204 (providing that a person who has been convicted of a class A misdemeanor may be sentenced to imprisonment for a term not

exceeding one year). The sentencing judge opted, however, not to fine Weeks, but rather, incarcerated him for an indeterminate period ranging from one to five years, however. The judge therefore may have imposed the restitution award in lieu of a fine or increased prison term.

¶ 19 In addition to assisting the sentencing judge in imposing the proper punishment, flexibility at sentencing is also beneficial to both victims and defendants. Victims benefit because they do not have to participate in a mini-trial to establish the validity of a restitution amount. Furthermore, fines that might have gone to the State may instead go to the victim in the form of restitution. Defendants benefit because they may avoid a greater incarceration term, fine amount, or both.

■ ¶ 20 This is not to say that a defendant is limited in challenging the restitution amount proffered by the State. In the instant action, Weeks could have presented evidence challenging the figures cited in the presentence report. *See State v. Starnes*, 841 P.2d 712, 715 (Utah Ct.App.1992) (explaining that rule 1101(b)(3) was designed to allow more evidence, not less, and that the trial court erred when it barred the defendant from presenting witnesses on his behalf at a restitution hearing). Weeks elected, however, to simply attack the report's evidentiary foundation. Moreover, as stated above, whether the presentence report had a proper evidentiary foundation is irrelevant. The dispositive question is whether the sentencing court correctly concluded that the restitution amount was justified on the basis of the evidence presented to it.

¶ 21 We hold that the presentence report sufficiently supported the sentencing court's conclusion, especially in light of the fact that it was the only evidence presented at the restitution hearing. Indeed, regardless of the applicable burden of proof incumbent upon the State, the only evidence presented to the sentencing court showed that the restitution amount was justified. Because Weeks presented no evidence rebutting the presentence report and merely challenged the re-

restitution award than with respect to the impo- sition of a prison term.

port's evidentiary foundation, we see no basis on which to conclude he was denied a full hearing. Nor do we see a basis for his argument that there was a violation of the due process clause of either the United States Constitution or the Utah Constitution.

## IV. WEEKS WAIVED HIS RIGHT TO CONTEST THE FACTORS THE SENTENCING COURT REFERENCED ON THE RECORD IN IMPOSING RESTITUTION

█ ¶ 22 Weeks next argues that the sentencing court erred in ordering restitution because it failed to reference on the record each factor listed in subsections 76–3–201(8)(b) and (c) of the Utah Code. Specifically, he claims that subsection 76–3–201(4)(d)(i) declares that "the court shall make the reasons [for its restitution] decision a part of the court record," Utah Code Ann. § 76–3–201(4)(d)(i) (1999), and that this language requires a sentencing court to explicitly note on the record each of the factors listed in subsections 76–3–201(8)(b) and (c). Weeks failed to object on this ground at the restitution hearing, however, opting instead to merely challenge the evidentiary weight of the presentence report. The sentencing court thus had no opportunity to address its alleged failure to reference on the record all of the statutory factors listed in subsection 76–3–201(8). Accordingly, that argument has been waived and cannot be presented on appeal. *Cf. Crookston v. Fire Ins. Exch.,* 817 P.2d 789, 800–01 (Utah 1991) (concluding that where an insurance company did not raise an argument before the trial court, the issue could not be presented on appeal).

█ ¶ 23 In reaching this conclusion, we note that it was not plain error for the sentencing court to impose a restitution amount in this case without referencing on the record each factor listed in section 76–3–201 of the Utah Code. That section only requires sen-

tencing courts to (1) consider the factors listed in subsections (8)(b) and (c), *see* Utah Code Ann. § 76–3–201(8)(b) to (c) (1999), and (2) "make the reasons for [its] decision a part of the court record," *see id.* § 76–3–201(4)(d)(i). As such, there is no mandatory requirement in the language of the statute that a sentencing court make a record setting forth its reasoning as to each of the factors in its restitution order, only that it *consider* each factor and make a record setting forth the reasons for its decision. In other words, the court must consider *all* of the factors, but need make a record only of the reasons on which it relied in reaching its conclusion.

¶ 24 Moreover, in contrast to Weeks's assertion, our research reveals no Utah case that interprets subsection 76–3–201(4)(d)(i) as requiring a court to reference on the record each of the factors listed in subsections 76–3–201(8)(b) and (c). Weeks contends that *State v. Robertson,* 932 P.2d 1219 (Utah 1997), imposes such a requirement. We disagree for two reasons. First, although that case admittedly stated that a sentencing court had to consider each of the statutory factors listed in the precursor to subsection 76–3–201(8) [9] and explicitly note "on the record the reasons for the decision it reached, reflecting the detailed factors listed in the statute," *id.* at 1234, it does not stand for the proposition that a sentencing court must make findings on the record as to each of the statutory factors. Indeed, after making its initial pronouncement that the factors relied on by the sentencing court had to be included in the record, the *Robertson* court proceeded to create an exception to that requirement. Specifically, the *Robertson* court declared that "[a]lthough the [sentencing] court did not make findings relating to Robertson's financial condition part of the record [10] we can reasonably assume that the court actually made such findings." *Id.* at 1235 (footnote added). Thus, despite some language to the contrary, we read *Robertson*

---

9. The statutory language in existence when *Robertson* was decided is substantially similar to the language applicable to the instant action. The only significant difference for our purposes is that section 76–3–201 was later reordered and the list of factors that the sentencing court must consider was expanded.

10. The financial status of the defendant is one of the factors that a sentencing court must consider before ordering restitution. Utah Code Ann. § 76–3–201(8)(c)(i) (1999) (declaring that the court shall consider "the financial resources of the defendant").

as permitting an appellate court, if doing so would be reasonable, to assume that the sentencing court considered the factors set forth in subsection 76–3–201(8).

¶ 25 Second, even if our conclusion that *Robertson* permits an appellate court to assume such findings were made is incorrect, *Robertson* is, at best, ambiguous regarding whether the factors listed in subsection 76–3–201(8) have to be referenced on the record, thereby precluding any plain error on the part of the sentencing court. Indeed, for plain error to exist, we must determine, among other things, that the error should have been "obvious" to the sentencing court. *State v. Brown,* 853 P.2d 851, 853 (Utah 1992). An error cannot be "obvious" to a sentencing court, however, where the alleged basis for that error is an ambiguous appellate decision. Accordingly, neither the relevant statutory subsections nor any prior case unambiguously defined what the sentencing court was required to include in its restitution order.[11] The sentencing court therefore did not commit plain error, and Weeks is precluded from raising this argument for the first time on appeal.

## CONCLUSION

¶ 26 We conclude that Weeks received a full restitution hearing within the meaning of subsection 76–3–201(4)(e) of the Utah Code because the rules of evidence do not apply to restitution hearings. It therefore makes no difference whether the presentence report relied on by the sentencing court had an appropriate evidentiary basis. The relevant inquiry is whether there was sufficient evidence to support the sentencing court's conclusion. Because the presentence report was the only evidence offered at the restitution hearing, we conclude that sufficient evidence existed.

11. If we did construe *Robertson* in the manner suggested by Weeks, a sentencing court would have to reference on the record the specific items described in subsections 76–3–201(8)(b) and (c) of the Utah Code as well as every other relevant fact. Sentencing courts would incur this burdensome obligation because subsection 76–3–201(8)(b) expressly states that in ordering restitution, "the court shall consider all relevant facts." Utah Code Ann. § 76–3–201(8)(b) (1999).

¶ 27 We further conclude that Weeks waived his right to contest the factors the sentencing court referenced on the record in reaching its decision. He did so because he failed to object on this ground at the restitution hearing and the sentencing court did not commit plain error by failing to reference on the record each factor listed in subsections 76–3–201(8)(b) and (c) of the Utah Code. We therefore affirm.

¶ 28 Chief Justice DURHAM, and Justice WILKINS concur in Associate Chief Justice DURRANT's opinion.

HOWE, Justice, dissenting:

¶ 29 I dissent. The defendant has not been afforded the "full hearing" which section 76–3–201(4)(e) (1999) guarantees him.

¶ 30 The majority gives no effect to the statutory right of the defendant to a "full hearing" regarding the amount of restitution he should be ordered to pay. Instead, the majority lumps the statutory right to a "full" restitution hearing together with the sentencing hearing and then declares that under rule 1101(b)(3) of the Utah Rules of Evidence, evidentiary rules do not apply to sentencing proceedings. The majority relies on *State v. Samwick,* 713 P.2d 707, 709 (Utah 1986), where we held that under rule 1101(b)(3) evidentiary rules do not apply to sentencing proceedings. However, in that case this court was not dealing with a restitution hearing, but with the sentencing of the defendant after he pleaded guilty to one count of rape, which charged him with using force, duress, violence, intimidation, coercion, menace, or threat of harm. When he was sentenced, he requested that he be permitted to confront his victims and to cross-examine them to refute allegations of violence during the commission of the crime. He also complained of the admission of hearsay evidence.

To the extent *Robertson* stands for such a proposition, we expressly disavow its reasoning. In our view, subsection 76–3–201(4)(d)(i) does not require that a sentencing court reference on the record the factors listed in subsections 76–3–201(8)(b) and (c). Rather, it merely states that the sentencing court set forth the reasons for its restitution decision in the record.

The trial court denied his request, and on appeal to this court, we affirmed on the basis that the Rules of Evidence in general and the rules on hearsay exclusions, in particular, are inapplicable in sentencing proceedings. Rule 1101(b)(3). *Sanwick* did not involve restitution nor the statute that guarantees a "full hearing" before a restitution judgment can be imposed.

¶ 31 The instant case presents a far different situation. Here, the defendant seeks to avail himself of the right to a "full hearing" on the amount of restitution he shall be ordered to pay. This is a statutory right and is not governed by rule 1101(b)(3). The legislature provided for a "full hearing" because the amount of restitution which is determined and ordered to be paid becomes a legal civil judgment enforceable as any other civil money judgment. *See* Utah Code Ann. § 76–3–201(4)(a)(iv). The judgment "constitutes a lien when recorded in a judgment docket and shall have the same effect and is subject to the same rules as a judgment for money in civil actions." *Id.* at § 76–3–201(4)(a)(vi). Interest accrues from the time of sentencing. *Id.* If the defendant fails to obey a court order for payment of restitution and collection is pursued by civil process, the victim shall be entitled to recover reasonable attorney fees. *Id.* at § 76–3–201(4)(a)(v). Even the death of the criminal defendant does not abate the restitution judgment. *See State v. Christensen,* 866 P.2d 533, 535 (Utah 1993) (prison term and fine abate on death of defendant but restitution judgment survives).

¶ 32 Because the restitution ordered by the trial court becomes an enforceable money judgment against the defendant, bearing interest, fully enforceable and collectable with the possible addition of attorney fees, and does not abate on the death of the defendant, the legislature properly provided for a "full hearing" before such a judgment can be entered. It is incongruous to hold that a money judgment of this nature could be entered against a criminal defendant without according him the same due process that any other debtor would receive in a civil court. Rule 1101(b)(3) should not be used as a basis for depriving a defendant of his right to due process before a money judgment is entered

against him. The statute that guarantees the defendant a "full hearing" must necessarily trump the general rule contained in evidence rule 1101(b)(3) which governs other aspects of sentencing, apart from the order of restitution, as addressed in *State v. Sanwick.* The statute's mandate that a defendant be given a "full hearing" on the issue of restitution can be contrasted with the requirement for sentencing found in rule 22 of the Utah Rules of Criminal Procedures which merely requires that "the court shall set a time for imposing sentence."

¶ 33 The majority declares that the statutory right to a full hearing does not require that the state present competent evidence that would be admissible at trial and concludes that the restitution judgment may rest entirely on hearsay. The majority further declares that there is "wisdom" in not applying evidentiary rules to restitution hearings because judges need flexibility in determining whether to impose restitution in lieu of a fine or an increased prison term. I cannot subscribe to that reasoning since every person, whether in civil court or criminal court, has the right to the assurance that any personal money judgment against him or her is founded on competent evidence. Simply put, due process must be accorded in obtaining a restitution judgment.

¶ 34 Adhering to the rules of evidence in a restitution hearing will not impose a burden on trial court judges. A defendant will request a full hearing in only those few instances in which the defendant questions the accuracy of amounts in the presentence report. The hearing need not be held at the time of sentencing, but must be requested at that time. The victim can appear at the hearing and testify as to his or her loss and then be cross-examined by the defendant. The majority would not require the victim to appear and testify, but instead would require the defendant to refute the accuracy of the amounts claimed in the presentence report. I would not shift that burden to the defendant since it is counter to the procedure for money judgment in civil courts. Additionally, the defendant usually does see the presentence report before sentencing. If he questions the amount of damage claimed and

requests a hearing, he may be incarcerated at that time and have no way or means to interview the victim as to the accuracy of his or her claim of damage.

¶ 35 The instant case exemplifies the rationale for the legislature's intent to guarantee the defendant the right to request a "full hearing" where only competent evidence would be admitted in establishing the amount of the restitution judgment to be imposed against him. In the instant case, the only evidence before the trial court was the presentence report. The prosecution made the following comment to the court concerning the report:

> I have the statements in the report saying that Mr. Hatten lost personal items and repairs that totaled $1,500, and more repair payments from Mr. Garcia would indicate that personal items of $500 were missing, a $500 deductible was paid, and an additional $500 to repair and painting of the car to make it match. Those don't sound like unreasonable sums, and they sound-even if they are estimates, they're probably only pennies off or probably short, so ... as to this type of conduct.

> I'd ask the Court to order that the restitution remain based upon the findings of the presentence report, and if there are further adjustments then the board of pardons might be the right place to take care of these matters.

The prosecution's statement that "those don't sound like unreasonable sums, and they sound—even if they are estimates, they're probably only pennies off or probably short" is so punctuated with uncertainty, so rife with equivocation, that it calls into serious question the accuracy and reliability of the amounts in the presentence report. The suggestion that the Board of Pardons "might be the right place" to make "further adjustments" to the restitution judgment is a novel idea, but not founded on any legal authority. Clearly, the Board has no power to alter docketed money judgments.

¶ 36 I would reverse the court of appeals and instruct it to remand this case to the trial court for the purpose of according the defendant his statutory right to a full hearing.

¶ 37 Justice RUSSON concurs in Justice HOWE's dissenting opinion.