**STATE of Utah, Plaintiff and Respondent,**

v.

**Lane B. HALVERSON, Defendant.**

**Appeal of D. Gilbert ATHAY.**

**No. 860249–CA.**

Court of Appeals of Utah.

May 20, 1988.

---

Bradley P. Rich, Yengich, Rich, Xaiz & Metos, Salt Lake City, for appellant, D. Gilbert Athay.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

Before BENCH, GARFF and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Appellant D. Gilbert Athay (Athay) appeals the trial court's entry of an order holding him in contempt. We reverse and remand.

Athay contends that he was improperly convicted of direct contempt, under summary procedures of Utah Code Ann. § 78–32–3 (1987), for failure to appear at a trial where he was counsel. He argues that his actions were not in the view of the court and hence he is entitled to a hearing on why he was absent. The State argues that Athay was not convicted of direct con-

tempt because a hearing was held on an order to show cause and this was sufficient due process under Utah Code Ann. §§ 78–32–4 and –9 (1987) to convict of indirect contempt under the circumstances.

Athay was legal counsel for Lane B. Halverson who was to be tried for burglary and other felony counts on May 13, 1986. In early May 1986, Athay was in Tonga conducting depositions. The depositions were to conclude on May 9, 1986 but ran late, precluding Athay's return for the May 13 trial. Athay's secretary informed the trial court of Athay's delay. The court refused to grant a continuance and held Athay in contempt when he failed to appear for trial.[1] On May 19, 1986, Athay proffered a letter and documents concerning his detention in Tonga. An order to show cause was issued by the Duchesne County Attorney pursuant to the court's order finding Athay in contempt. The court held a hearing on the order at which arguments from counsel were heard but evidence was not received. The court concluded, "having heard argument of counsel and being fully advised," that it "had previously found without hearing that D. Gilbert Athay was in contempt ... pursuant to Utah Code Ann. § 78–32–3." The court entered its order of contempt "without hearing evidence" and deemed it "unnecessary to hear evidence regarding this type of contempt hearing." Athay was fined "$300.00 for trial costs incurred herein."

Summary or direct contempt is committed "in the immediate view and presence of the court, or judge at chambers...." Utah Code Ann. § 78–32–3 (1987); *see e.g.*, *West Valley City v. Borrego*, 752 P.2d 361 (Utah Ct.App.1988). Summary action is necessitated by the need to keep order in the court. *Cooke v. United States*, 267 U.S. 517, 534, 45 S.Ct. 390, 394, 69 L.Ed. 767 (1925).

■ Indirect contempt arises when some or all of the actor's conduct is outside of the court's view and presence. *Id.* at 536, 45 S.Ct. at 394. Because the court does not have immediate knowledge of all relevant

---

**1.** Athay's client had been confined in jail for almost three months by the trial date.

and necessary facts in cases of indirect contempt, the charge is adjudicated after notice to defendant and opportunity for a hearing. Sections 78–32–4 and –9. In *Burgers v. Maiben*, 652 P.2d 1320 (Utah 1982), the Utah Supreme Court articulated the due process requirements in indirect contempt cases, as follows:

> Thus, in a prosecution for contempt, not committed in the presence of the court, due process requires that the person charged be advised of the nature of the action against him, have assistance of counsel, if requested, have the right to confront witnesses, and have the right to offer testimony on his behalf.

*Id.* at 1322; *see also In re Oliver*, 333 U.S. 257, 275–76, 68 S.Ct. 499, 508–09, 92 L.Ed. 682 (1947).

In the instant case, Athay's conduct occurred outside of the court's view, because the conduct consisted of his absence from court. As the State concedes in its brief, in these circumstances Athay could only be charged with indirect contempt or contempt committed not in the immediate view and presence of the court. To be convicted of such charge, defendant first must receive notice, the right to counsel if requested, the right to confront witnesses and the right to offer testimony. Athay was informed of the charge and accompanied by counsel, but the court did not allow the testimony of witnesses or evidentiary procedures associated with the offer of testimony. Without intimating any opinion on whether the reasons for Athay's absence were sufficiently compelling, we find that the court erred in convicting Athay "without hearing evidence" and in finding it "unnecessary to hear evidence" in such a proceeding. We, therefore, reverse and remand the case to the trial court for further proceedings in harmony with this opinion.

BENCH and GARFF, JJ., concur.