John R. BOGGS, Plaintiff and Appellant,

v.

Janice B. BOGGS, Defendant and Appellee.

No. 910007–CA.

Court of Appeals of Utah.

Dec. 31, 1991.

---

David S. Dolowitz and M. Joy Douglas, Salt Lake City, for plaintiff and appellant.

John B. Anderson, Salt Lake City, for defendant and appellee.

Before BILLINGS, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

John R. Boggs appeals a judgment of contempt issued against him under Utah Code Ann. § 78-32-1 (1987).[1]

## BACKGROUND

John R. Boggs (Husband), and Janice B. Boggs (Wife), were divorced several years ago in California. They were the parents of one child at that time. Both parties were residing in Summit County, Utah, when Husband filed a petition seeking to have his child support obligation reduced. Wife filed a verified counterpetition seeking to have child support increased and judgment entered for arrearages in support. Wife's petition included conclusory allegations that Husband's failure to pay support was willful and contemptuous. The parties sparred with various hearings,

---

1. Section 78-32-1 enumerates the acts and omissions constituting contempt. Subsection (5) provides: "Disobedience of any lawful judgment, order or process of the court." Additional relevant sections that address contempt are as follows:

> 78-32-3. In immediate presence of court; summary action—Without immediate presence; procedure.
> When a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily, for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as prescribed in § 78-32-10 hereof. When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators or other judicial officers.
> 78-32-4. Warrant of attachment or commitment order to show cause.

When the contempt is not committed in the immediate view and presence of the court or judge a warrant of attachment may be issued to bring the person charged to answer, or, without a previous arrest, a warrant of commitment may, upon notice, or upon an order to show cause, be granted; and no warrant of commitment can be issued without such previous attachment to answer, or such notice or order to show cause.

> 78-32-10 (Supp.1991). Contempt—Action by court.
> Upon the answer and evidence taken, the court shall determine whether the person proceeded against is guilty of the contempt charged. If the court finds the person is guilty of the contempt, the court may impose a fine not exceeding $200, order the person imprisoned in the county jail not exceeding 30 days, or order both fine and imprisonment. However, a justice court judge or court commissioner may punish for contempt by a fine not to exceed $100 or by imprisonment for one day, or by both the fine and imprisonment.

stipulations and continuances for several months. The court held a pre-hearing settlement conference which resulted in the issuance of a discovery order and a notice of hearing. The order set a deadline for "all outstanding discovery." At that time, the discovery outstanding consisted of certain interrogatories served by Wife. The notice set a date for "evidentiary hearing on divorce modification." The time frame for both was within thirty days.

After the conference, Husband's attorney withdrew and Husband secured a replacement. Wife's attorney mailed a notice of deposition duces tecum to Husband's attorney for Husband to appear for a deposition before the hearing. Husband's new attorney applied for a protective order due to the shortness of time and Husband's relocation to Colorado. Wife's attorney had previously filed a motion to permit the filing of an amended counterpetition. A few days before the hearing, Wife's attorney mailed to Husband's attorney a notice to submit for decision the motion for protective order and the motion to amend the counterpetition. Two days before trial Husband provided some of the information Wife was seeking to discover and stated the remainder was not available to him. The hearing date arrived and the court proceeded without ruling on either of the above motions.

The court requested that counsel proceed on the basis of proffers rather than submission of evidence. The parties stipulated that judgment be entered against Husband for an agreed amount of arrearages in child support. Thereafter, the court reserved all remaining divorce issues for a later hearing and proceeded to determine whether Husband should be held in contempt of the court for (1) failure to respond to discovery and (2) willful failure to pay child support. After hearing the proffers of both parties concerning contempt, the court concluded that Husband had committed willful contempt of court and ordered him imprisoned as follows:

> [f]or forty-eight (48) hours in the Summit County jail for willfully failing to comply with the discovery orders of the Court, and ten (10) days in the Summit County

Jail for failure to pay child support. These contempt confinements may be served in twenty-four (24) hour increments, and may be served in a comparable facility in either Colorado or Mississippi and not in the Summit County Jail, provided that verification of time served be provide [sic] to the Court on or before January 1, 1991. In the event that the Plaintiff fails to serve said confinement as ordered by the Court before January 1, 1991, then the Defendant shall be held in further contempt of the Court and shall be confined for thirty (30) consecutive straight days in the Summit County Jail without further notice or hearing.

## ISSUES

Husband argues that entry of the contempt orders (i) violated constitutional and statutory due process requirements because of inadequate notice of the charges, (ii) violated judicially imposed requirements regarding the substantive elements of contempt findings, and (iii) was an abuse of the trial court's discretion because the sanctions imposed exceeded statutory limits. Wife argues on motion that Husband's appeal be dismissed as being untimely.

## TIMELINESS OF APPEAL

Wife claims that the judgment of contempt is not final because it did not adjudicate all pending claims. Further, she claims the thirty-day appeal period began when the court issued an order of commitment, not upon entry of the judgment. We conclude that the contempt judgment is properly before us. If the contempt judgment is merely one of fine and/or imprisonment, it is criminal in nature and appealable. *Von Hake v. Thomas,* 759 P.2d 1162, 1167 (Utah 1988); *Salzetti v. Backman,* 638 P.2d 543, 544 (Utah 1981) (per curiam); *Foreman v. Foreman,* 111 Utah 113, 176 P.2d 165, 169 (1947). A judgment of criminal contempt is generally considered to be a final order separate from ongoing proceedings and appealable as a matter of right. *Von Hake,* 759 P.2d at 1167. Husband's imprisonment was unconditional, he

was not permitted any opportunity to remedy or purge himself of the alleged contempt. Thus, the principal purpose of the judgment was to punish rather than obtain compliance with prior orders. Accordingly, the judgment was criminal in nature and appealable. *Id.* at 1168; *Thomas v. Thomas,* 569 P.2d 1119, 1121 (Utah 1977).

■ The notice of appeal was timely because it was filed within thirty days of the entry of findings, conclusions and judgment, although a commitment order directed to the sheriff was issued earlier. *See* Utah R.App.P. 3(a) (filing appeal from final orders and judgments).

### ANALYSIS RE CONTEMPT

As the trial court stated, the contempt judgment was based on both Husband's failure to pay child support and failure to respond to discovery. We will examine the procedures followed with respect to each ground separately to determine their lawfulness.

First, we examine the procedure followed regarding Husband's failure to pay child support. Wife's counterpetition for modification included a section labeled "Order to Show Cause" which contained her allegations of contempt. Her only factual statement was that Husband had failed to pay support. A copy of this pleading was served by mail to Husband's attorney. At most, this document provided notice that Wife might request the trial judge to authorize and issue an order to show cause. The record does not reveal any copy of an order to show cause regarding contempt, court approval or authorization of an order, or service of an order on Husband requiring him to appear at any time or place to show cause why he should not be held in contempt for failure to pay child support. "An order to show cause is an order from the court, directed to the *defendant* to appear and show cause why he should not be held in contempt for willfully disobeying the previous order of the court." *Coleman v. Coleman,* 664 P.2d 1155, 1156 (Utah 1983) (per curiam) (emphasis in original). Further, the notice of hearing issued by the court simply notified counsel that the hearing was to be an "evidentiary hearing on divorce modification."

■ When Husband appeared for this modification hearing, the proceedings were converted into a contempt trial based on proffers. *See State v. Halverson,* 754 P.2d 1228, 1230 (Utah App.1988) (conviction of indirect contempt reversed where evidentiary procedures not followed), *overruled on other grounds by Von Hake,* 759 P.2d at 1171. Summary contempt proceedings are permitted when the court has personally witnessed the acts constituting contempt and the person charged has full knowledge of the nature of the charge and an opportunity to defend. *See* Utah Code Ann. § 78–32–3 (1987); *Von Hake,* 759 P.2d at 1170. But indirect contempt, as here, can be properly adjudged only in a proceeding more tightly hedged with procedural protections:

> The due process provision of the federal constitution requires that in a prosecution for a contempt not committed in the presence of the court, "the person charged be advised of the nature of the action against him [or her], have assistance of counsel, if requested, have the right to confront witnesses, and have the right to offer testimony on his [or her] behalf." *Burgers v. Maiben,* 652 P.2d [1320] at 1322 [Utah 1982], *see* U.S. Const. amend. XIV; *cf. Robinson v. City Court ex rel. City of Ogden,* 112 Utah [36] at 42, 185 P.2d [256] at 259 [ (1947) ] (applying Utah Const. art. 1 § 12 to criminal contempt proceedings). These protections are amplified upon in the Code, which requires, *inter alia,* that in a case of indirect contempt, an affidavit must be presented to the court reciting the facts constituting the contempt in order to ensure that the court and the person charged are informed of the conduct alleged to be contemptuous.

*Von Hake,* 759 P.2d at 1170 (citing Utah Code Ann. § 78–32–3 (1987); *Robinson,* 112 Utah at 41, 185 P.2d at 258).

■ In this case, a verified petition was filed with the court, but the record does not show that it was presented to the trial judge for consideration and issuance of an

order to show cause at any time prior to the modification hearing. Further, section 78–32–4 states: "without a previous arrest, a warrant of commitment may, upon notice, or upon an order to show cause, be granted[.]" In the present case, no notice or order to show cause was issued by the trial judge or personally served on Husband. Husband appeared for a modification hearing and was ushered into a contempt proceeding. On the foregoing facts, it was not appropriate for the court to use the summary procedures provided in section 78–32–3. Thus, we reverse the contempt judgment based on Husband's conduct regarding child support.

■ Next, we examine the procedure followed regarding Husband's failure to respond to Wife's discovery. Husband's conduct in failing to provide all of the information Wife was seeking would be properly classified as an indirect contempt, if any, because it occurred outside the court's presence. The court had ordered all outstanding discovery, i.e., responses to Wife's interrogatories to be completed a few days before the hearing. He complied in part two days before the hearing stating that the remainder was not available to him. The record does not reveal that any of the more elaborate procedures required for indirect contempt were followed regarding this conduct. The section 78–32–3 requirement of an affidavit was not satisfied.

Moreover, no notice of the proceeding or order to show cause was issued for Husband's personal appearance as required by section 78–32–4. Husband had no way of knowing that he would be required to show cause why he should not be held in contempt for his conduct regarding discovery. He did not receive ample notice of these contempt charges or the pendency of a show-cause hearing regarding them. Further, the court limited the hearing to proffers rather than conducting an evidentiary hearing. On these facts, it was not proper for the court to utilize summary procedures. Accordingly, we reverse the contempt judgment based on Husband's conduct regarding discovery.

## CONCLUSION

Because we reverse both of the contempt judgments on due process and statutory procedural grounds, we need not reach Husband's remaining arguments. Costs to Husband as prevailing party.

BILLINGS and ORME, JJ., concur.