**Idrees KHAN, Plaintiff and Appellant,**

v.

**Annette KHAN (Albertsen), Defendant and Appellee.**

**No. 950066–CA.**

Court of Appeals of Utah.

July 18, 1996.

Tineke Van Dijk, Family Law Practice, Salt Lake City, for Appellant.

Kathryn Schuler Denholm, Salt Lake City, for Appellee.

Before ORME, P.J., DAVIS, Associate P.J., and GREENWOOD, J.

## OPINION

ORME, Presiding Judge:

Plaintiff Idrees Khan appeals the trial court's judgment holding him in contempt of court and sentencing him to serve thirty days in jail, suspended for so long as he complies with the court's visitation order. In addition, Khan appeals the trial court's order awarding defendant Annette Albertsen $1,000 in attorney fees. We reverse.

## FACTS

On February 23, 1987, the parties' divorce decree was entered. The initial decree awarded the parties joint legal custody of their minor child, with defendant Albertsen taking primary physical custody and plaintiff Khan having liberal visitation rights. However, pursuant to a 1988 stipulation between the parties, Khan assumed primary physical custody of the child. Thereafter, Albertsen alleged that Khan denied her visitation with the child. As a result, Albertsen filed a modification petition seeking the same visitation rights that had been specified for Khan in the original divorce decree. Khan counter-petitioned for sole custody. Albertsen then submitted a motion to amend her petition to seek sole custody. Ultimately, pursuant to the parties' stipulation, the court

entered an order modifying the decree of divorce, granting sole custody of the minor child to Khan, subject to Albertsen's reasonable visitation.

On May 31, 1991, Khan filed a petition seeking to require Albertsen to pay child support and contribute to the child's uninsured medical expenses. While Khan's petition was pending, Albertsen filed a motion for order to show cause, supported by her affidavit. Among other things, Albertsen alleged that Khan had interfered with her court-ordered visitation rights. An order to show cause hearing was held on September 9, 1991, at which the court found Khan was not in contempt.

Three months later, a hearing was held on Khan's modification petition. The Commissioner ruled in Khan's favor and recommended Albertsen pay child support and one-half of the child's uninsured, nonroutine medical expenses. No objection was filed and the recommendation became effective as the court's order. *See* Utah Code Jud. Admin. R6–401(4). In January 1992, Albertsen filed a modification petition seeking to avoid child support and to restore joint custody. In addition, Albertsen filed a motion for order to show cause, along with her affidavit, seeking to hold Khan in contempt for failing to provide visitation. After a hearing, the Commissioner found that "there were instances when vis[itatio]n was not provided but [the] court cannot find that there was a wilful and intentional violation with the vis[itatio]n." The issue of contempt was "reserved pending further performance in accordance with [the] court's order of vis[itatio]n."

In March 1993, Albertsen filed another motion for order to show cause supported by a new affidavit pertaining to Khan's alleged contempt for failure to permit visitation. However, no order to show cause was ever issued on that motion.

Albertsen filed yet another affidavit in July 1993, alleging interference by Khan with her visitation rights.[1] A few weeks later, Albertsen filed a motion for issuance of immediate writ of assistance, a verified ex parte motion for temporary restraining order, and another order to show cause. A hearing was held a few weeks later during which Khan consented to the relief requested in Albertsen's order to show cause, i.e., refraining from interfering with visitation or preventing the child from exercising summer visitation with Albertsen. Thereafter, the court entered an order incorporating the agreement reached by the parties and specifically restraining Khan from interfering with Albertsen's visitation rights pursuant to the amended decree.

On April 21, 1994, a pretrial conference was held on Albertsen's outstanding modification petition. At the pretrial conference, the Commissioner recommended that Albertsen's modification petition be "certified ready for trial. Visitation is sole dispute—[Albertsen] seeks an order of visitation consistent with statute—[Khan] is unwilling to agree given input from child's therapist that the child resists such schedule [and Khan] requests visitation per the therapist[']s recommendation."

■ Trial began on September 6, 1994. During her opening statement, Albertsen's counsel indicated that Albertsen's modification petition *and* the issue of Khan's contempt were before the court. Khan's counsel, in her opening statement, indicated that she was not sure why contempt was still an issue in the case. At the end of the two-day trial, the court reserved the issue of child support and refused Albertsen's request to restore joint custody. The court found that the

> parties must communicate directly before activities are planned that will interfere with [Albertsen's] visitation. The parties are to take into consideration the desires of the minor child and if the parties are unable to agree [Albertsen] retains [the] authority over what activities will be engaged in during her visitation time. The Court would encourage [Albertsen] to be

---

1. The thrust of Albertsen's several affidavits was that Khan caused numerous difficulties in her visitation with the child, i.e., unilaterally changing visitation without notice, unilaterally scheduling activities for the child during Albertsen's visitation periods, denigrating Albertsen to the child, and failing to make the child available for summer visitation.

mindful of the importance of continuity regarding [the child's] activities.

The court also found that if Khan schedules the child to attend an activity during Albertsen's visitation and she is unable to provide transportation for the minor child but is willing for him to go, that it should be Khan's obligation to provide transportation to and from Albertsen's home. The court stated that "the standing visitation as contained in the Amended Order Modifying Decree of Divorce should remain in force and effect, except that the parties are to understand that the child's activities do not take precedence over visitation." [2]

The court also found that Khan had willfully violated the visitation provisions of the amended decree and was therefore in contempt of court. The court sentenced Khan to serve thirty days in jail, suspended upon his future compliance with the visitation order. The court also found that Khan should pay $1,000 to Albertsen as reasonable attorney fees. It is from the judgment of contempt and award of attorney fees that Khan now appeals.

## ISSUES

Khan claims that any issue of his contempt was not properly before the court at the trial on Albertsen's modification petition. Second, Khan asserts that even if it was, the trial court erred in holding him in contempt. Finally, Khan claims the trial court erred in awarding $1,000 in attorney fees to Albertsen.

## ANALYSIS

A person faced with the possibility of being held in contempt must be afforded certain minimal procedural protections guaranteed by the Fourteenth Amendment's Due Process Clause. *Von Hake v. Thomas,* 759 P.2d 1162, 1169 (Utah 1988). Utah law recognizes two types of contempt proceedings: one for

direct contempt, i.e., contempt committed in the presence of the court, and the other for indirect contempt, i.e., contempt committed outside the presence of the court. Utah Code Ann. § 78–32–3 (1992). In direct contempt cases, section 78–32–3 provides for summary punishment. All that is required is an order from the judge "reciting the facts as occurring in such immediate view and presence [of the court], adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished" by fine or imprisonment. *Id.*

■ Indirect contempt requires additional procedural protections. Under section 78–32–3, an affidavit must be presented to the court reciting the facts constituting the alleged contemptuous conduct. Case law recognizes that, as a function of Due Process, one charged with indirect contempt must "be advised of the nature of the action against him, have assistance of counsel, if requested, have the right to confront witnesses, and have the right to offer testimony on his behalf." *Burgers v. Maiben,* 652 P.2d 1320, 1322 (Utah 1982).

■ The requirement of an affidavit is designed to "ensure that the court and the person charged are informed of the conduct alleged to be contemptuous." *Von Hake,* 759 P.2d at 1170. "An affidavit satisfies section 78–32–3 and due process if it sets forth the acts done or omitted that form the factual basis for the contempt charge." *State v. Long,* 844 P.2d 381, 384 (Utah App.1992). If no such affidavit is presented to the court, indirect contempt cannot be found. *See Boggs v. Boggs,* 824 P.2d 478, 481–82 (Utah App.1991) (reversing indirect contempt determination against husband, for his failure to respond to wife's discovery requests, where no charging affidavit was submitted to court).

The requirement of an affidavit helps to ensure compliance with the Due Process re-

---

**2.** This provision "reversed"—and properly so— the requirement contained in the amended decree that Albertsen, the noncustodial parent, "in the exercise of [her] visitation with the minor child, is to make sure that [the child] attends the scheduled activities on weekday and weekend visitations, as well as summer visitation." As the

trial court ultimately recognized, periods of visitation are for the noncustodial parent to plan. The custodial parent cannot interfere with the noncustodial parent's visitation by unilaterally scheduling activities for the minor child. *See* 2 Arnold H. Rutkin, *Family Law and Practice* § 32.10(6)(e)(i), at 32–316 (1996).

quirement of adequate and timely notice of the charges made against the alleged contemnor. *Long,* 844 P.2d at 384. The notice required to satisfy Due Process includes notice of the court order allegedly violated, along with the facts supporting the contempt allegation. *Cf. Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985) (pretermination due process procedures to which tenured public employee is entitled include notice of charges against employee, explanation of employer's evidence, and opportunity to present employee's side of story).

In the present case, the conduct alleged to be contemptuous—Khan's interference with Albertsen's visitation rights—occurred outside the presence of the judge. Accordingly, we examine whether the procedural protections afforded Khan for indirect contempt were met in this case.

To be sure, Albertsen filed a number of charging affidavits in this case. The first affidavit was in support of her motion for order to show cause filed in August 1991. The matter was resolved at an order to show cause hearing during which the court found no contempt. In January 1992, Albertsen filed another motion for order to show cause along with a supporting affidavit. At the ensuing hearing, the court could not find there was a willful and intentional violation of the visitation provisions of the amended divorce decree. However, the issue of contempt was "reserved pending further performance in accordance with [the] court's order of vis[itatio]n." Then, in March 1993, Albertsen filed a third motion for order to show cause along with her supporting affidavit. However, the record indicates that no corresponding order to show cause was ever issued by the court. Albertsen's last affidavit was filed during July 1993 in support of her motion for issuance of immediate writ of assistance. A hearing was subsequently held during which Khan consented to the relief requested in Albertsen's order to show cause.

Thus, in all but one of the above instances when an affidavit was filed and an order to show cause issued thereon, Khan's alleged contempt was addressed and resolved. There was one instance, over two and one-half years before trial, in which the court reserved the issue of contempt. However, far from being made aware going into trial in 1994 that the contempt claimed in that affidavit would be definitively adjudicated at trial, Khan was informed that the only issues to be tried were those arising from Albertsen's unresolved modification petition. At the pretrial conference, the Commissioner "recommend[ed] this matter [be] certified ready for trial. Visitation is sole dispute—[Albertsen] seeks an order of visitation consistent with statute—[Khan] is unwilling to agree given input from child's therapist that the child resists such schedule [and Khan] requests visitation per the therapist[']s recommendation." Nothing was said about contempt, much less an allegation of contempt that was two-and-a-half years old. Khan appeared for the modification proceeding, but, along with his attorney, was surprised that the question of his contempt had resurfaced.

■ Given the convoluted record in this case and the terms of the pretrial order, Khan could not be expected to answer and respond to charges of contempt made so long before trial.[3] This is especially so where the theory of contempt was, at least in part, not consistent with the decree provisions then in effect. Under the amended decree, Albertsen was to provide transportation for the minor child to his activities during her periods of visitation. However, the trial court ultimately found Khan in contempt for, inter alia, failing to provide transportation for the minor child to his scheduled activities during Albertsen's period of visitation. *See supra* note 2 and accompanying text. Therefore, Khan was sanctioned for doing something

---

3. We take no issue with the substantive aspects of the January 1992 affidavit. The affidavit adequately sets forth the acts allegedly committed by Khan that formed the basis of the contempt charge. Rather, we hold that an affidavit, presented two and one-half years before trial, fails to provide adequate notice to satisfy due process concerns when coupled with the fact that subsequent charges of contempt, supported by other affidavits, were addressed and resolved prior to trial, and that no mention of contempt was made or discussed at the April 1994 pretrial conference.

that apparently was not prohibited under the prior decree, although the decree as now amended provides otherwise.

## CONCLUSION

We conclude that Khan was not provided with notice reasonably calculated under all the circumstances to apprise him of the pendency of the contempt proceeding. Accordingly, we reverse the contempt judgment against Khan. Because Albertsen concedes that the only basis for the award of attorney fees was as a sanction for contempt, it follows that the fee award must also be reversed.

DAVIS, Associate P.J., and GREENWOOD, J., concur.