2003 UT 2

**STATE of Utah, Plaintiff and Respondent,**

v.

**Charles K. LEATHERBURY, Defendant and Petitioner.**

No. 20010424.

Supreme Court of Utah.

Feb. 11, 2003.

---

Mark Shurtleff, Utah Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., for plaintiff.

Joan C. Watt, Daniel M. Torrence, Salt Lake, for defendant.

WILKINS, Justice:

¶ 1 We granted Charles Leatherbury's petition for certiorari to review the court of appeals' decision in *State v. Leatherbury*, 2001 UT App 113U, 2001 WL 333079. The court of appeals held that it had appellate jurisdiction of the case. It also reversed the trial court's order of dismissal, which was premised on section 77–29–1 of the Utah Code. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Leatherbury was charged by information with failing to respond to a police officer's signal to stop, possession of drug paraphernalia, reckless driving, and other charges related to his alleged participation in a police chase on January 14, 1999. The information was authorized for presentment and filing by the Salt Lake County District Attorney's Office on February 2, 1999, sworn to a magistrate on February 12, 1999, and filed with the clerk of the Third District Court on March 26, 1999.

¶ 3 On January 29, 1999, Leatherbury, then an inmate at the Utah State Prison,

signed a form entitled "Notice and Request for Disposition of Pending Charge(s)" requesting final disposition of any charges pending in the Third District Court related to his "fleeing a police officer." The request was signed as received by the appropriate prison official on February 8, 1999 and forwarded to the Salt Lake County District Attorney's Office. This form purportedly satisfies the requirements of section 77–29–1 of the Utah Code and invokes Leatherbury's right to be tried within 120 days of the request.

¶ 4 On June 10, 1999, at the final pretrial conference, Leatherbury filed a motion to dismiss arguing that the 120 day period for bringing him to trial had expired on June 8, 1999 and that the charges must be dismissed. The State argued in response that Leatherbury's request for disposition was premature and of no effect because no information was pending against Leatherbury at the time of its preparation. At a hearing held on June 21, 1999, the parties argued the motion and the trial court indicated its intention to dismiss the case. However, the court ordered Leatherbury's attorney to prepare findings of fact and conclusions of law ("findings"). The court's intention to dismiss the case was memorialized in a signed minute entry.

¶ 5 On July 26, 1999, the trial court signed the findings, which had been prepared by Leatherbury's attorney. Nearly two months later, on September 17, 1999, the trial court signed an order of dismissal prepared by the State. The State filed its notice of appeal on September 23, 1999.

¶ 6 Before the court of appeals, Leatherbury argued that the court had no jurisdiction to hear the case because the notice of appeal was untimely filed. The State argued that the order of dismissal should be reversed because no information was pending, within the meaning of section 77–29–1, at the time Leatherbury made his request for disposition. In an unpublished memorandum decision, the court of appeals rejected Leatherbury's jurisdictional argument. It held that the State's notice of appeal was timely filed because the order of dismissal, not the signed minute entry of June 21, 1999, was the final order. *State v. Leatherbury,* 2001 UT App 113U, 2001 WL 333079. The court of appeals reversed the case on the merits holding that at the time of Leatherbury's request for disposition there was no pending information and his request had no legal effect. *Id.*

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 7 On certiorari review "we review the court of appeals' decision, not the opinion of the [trial] court." *State v. Weeks,* 2002 UT 98, ¶ 10, 458 Utah Adv. Rep. 3, 61 P.3d 1000. That decision is then reviewed for correctness. *Id.*

### II. JURISDICTION OF THE COURT OF APPEALS

¶ 8 Leatherbury argues that the State's notice of appeal failed to vest the court of appeals with jurisdiction to hear the case because it came more than thirty days after entry of the final order. If the final order in the case was, as Leatherbury contends, either the signed minute entry or the findings, he is correct and we must vacate the court of appeals' decision. *See* Utah R. App. P. 4; *State v. Bowers,* 2002 UT 100, ¶ 5, 57 P.3d 1065 (noting 30 day filing requirement in rule is a jurisdictional requirement). Thus, our resolution of this point turns on whether either document was a final appealable order, or whether, as the State argues, the final order did not come until the order of dismissal was signed and entered.

¶ 9 Although Leatherbury is correct that a signed minute entry may constitute a final appealable order, he is incorrect that the minute entry in this case was such an order. A signed minute entry will not be considered a final order where its language indicates that it is not intended as final. *Swenson Assocs. Architects, P.C. v. State ex rel. Div. of Facilities Constr.,* 889 P.2d 415, 417 (Utah 1994). Thus, where further action is contemplated by the express language of the order, it cannot be a final determination susceptible of enforcement. The court of appeals correctly concluded that the signed minute entry's requirement that Leatherbury's counsel "prepare Findings of Fact and

Conclusions of Law" indicated that the trial court did not intend the minute entry as a final order. *Leatherbury*, 2001 UT App 113U, 2001 WL 333079. Further, Leatherbury's argument that the findings constituted a final order is also incorrect. The findings merely explain the trial court's rationale for and intent to dismiss the case, and contained no order. Thus, the final order in this case was the order of September 17, 1999, which incorporated the previously entered findings of fact and conclusions of law and specifically ordered dismissal of the charges against the defendant. As a result, the State's notice of appeal was timely filed, and the court of appeals had jurisdiction to hear the case.

### III. AN INFORMATION WAS NOT PENDING

 ¶ 10 Leatherbury would have us reverse the court of appeals' determination that there was no information pending against him at the time of his request for disposition under section 77–29–1 of the Utah Code. He argues that an information is pending once it is signed by a prosecuting attorney, even before filing with the court. We disagree.

¶ 11 Section 77–29–1 of the Utah Code provides:

> (1) Whenever a prisoner is serving a term of imprisonment in the state prison ... *and there is pending* against the prisoner in this state *any untried ... information,* and the prisoner shall deliver to the warden ... a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

Utah Code Ann. § 77–29–1(1) (1999) (emphasis added). Section 77–29–1 also provides that failure to bring the matter to trial within the 120 day period, unless justified by good cause, shall result in dismissal. *Id.* at § 77–29–1(4). Under subsection (1) there are essentially two prerequisites to the filing of a request for disposition. First, a prisoner must be serving a term of imprisonment in a state penal institution, and second, there must be an untried indictment or information pending against that prisoner. Only the second requirement is at issue here.

¶ 12 "Information" is a statutorily defined term. It "means an accusation, in writing, charging a person with a public offense which is presented, signed, and *filed in the office of the clerk* [of the court] where the prosecution is commenced." Utah Code Ann. § 77–1–3(3) (1999) (emphasis added). Pursuant to the statute, a written, signed accusation does not become an information until filed with the clerk of the court. Assuming but not deciding that Leatherbury's request for disposition of the charges against him was made on February 8, 1999,[1] the request was premature because there was no pending information until the clerk of the court received the signed document and filed it on March 26, 1999. Because there was no pending information, the request for disposition had no legal effect. We affirm the court of appeals' decision.

### CONCLUSION

¶ 13 Because the court of appeals correctly concluded that it had jurisdiction to consider the State's appeal and it correctly held that filing was a precondition to a pending information under section 77–29–1, we affirm the court of appeals' decision in *State v. Leatherbury*, 2001 UT App 113U, 2001 WL 333079 and remand for further proceedings.

¶ 14 Chief Justice DURHAM, Justice RUSSON, Judge BALDWIN, and Judge LOW concur in Justice WILKINS' opinion.

¶ 15 Having disqualified himself, Associate Chief Justice DURRANT does not participate herein, and Justice HOWE did not participate herein; District Judge BALDWIN and District Judge LOW sat.

---

1. In his brief Leatherbury places the date of his request for disposition as February 8, 1999, when the designated agent at the prison signed her name to the request. This date is the latest of the dates on the request itself; Leatherbury signed it on January 29, 1999. For purposes of this opinion we apply the date offered by Leatherbury in his brief.