2005 UT App 313

**In the matter of David WEISKOPF, a person over eighteen years of age.**

**David Weiskopf, Appellant,**

v.

**Second District Juvenile Court, Appellee.**

**No. 20040489–CA.**

Court of Appeals of Utah.

July 8, 2005.

**454**

D. Gilbert Athay, Salt Lake City, for Appellant.

Brent M. Johnson, Administrative Office of the Courts, Salt Lake City, for Appellee.

Before Judges BILLINGS, BENCH, and WILKINS.[1]

### MEMORANDUM DECISION

BENCH, Associate Presiding J.

■ ¶ 1 Attorney David Weiskopf appeals a final order of criminal contempt. "We review a trial court's exercise of its contempt power to determine whether it exceeded the scope of its lawful discretion." *Shipman v. Evans,* 2004 UT 44,¶ 39, 100 P.3d 1151. " 'In the absence of any action [by the trial court] which is so unreasonable as to be classified as capricious and arbitrary, or a clear abuse of discretion,' we will not overturn the trial court's order." *Dansie v. Dansie,* 1999 UT App 92,¶ 6, 977 P.2d 539 (quot-

ing *Bartholomew v. Bartholomew,* 548 P.2d 238, 240 (Utah 1976)).

■ ¶ 2 Weiskopf first contends that the juvenile court erred in exercising its summary contempt powers. Utah Code section 78–32–3 provides that "[w]hen a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily." Utah Code Ann. § 78–32–3 (2002); *see also Khan v. Khan,* 921 P.2d 466, 468 (Utah Ct.App.1996) (stating that contemptuous actions that occur in front of the court are direct contempt). Weiskopf does not dispute that his contemptible actions in the certification hearing took place in the court's presence.[2] Rather, he asserts that his actions did not block the proceedings from going forward, and therefore, the court was not justified in exercising its summary contempt powers.

■ ¶ 3 The juvenile court found that Weiskopf's actions constituted contempt pursuant to Utah Code section 78–32–1(1) and (2), which hold as contemptible those actions that "interrupt the due course of a trial or other judicial proceeding." Utah Code Ann. § 78–32–1(1), (2) (2002). The juvenile court did not abuse its discretion in finding that Weiskopf's continual objections to a particular ruling interrupted the certification hearing, both in open court and during an in-chambers meeting. However, even if his actions did not interrupt the proceedings, the juvenile court also found that Weiskopf's actions constituted contempt pursuant to Utah Code section 78–32–1(5), which states that "[d]isobedience of any lawful judgment, order or process of the court" is contemptible, regardless of whether the actions disrupt the proceedings. *Id.* § 78–32–1(5).

¶ 4 Utah Code section 78–32–3 does not require that the contemptible actions interrupt or block the proceedings in order to be punished summarily. *See* Utah Code Ann. § 78–32–3. Rather, it only requires that the "contempt is committed in the immediate view and presence of the court, or judge at

1. The Honorable Michael J. Wilkins, Associate Chief Justice of the Utah Supreme Court, sat by special assignment pursuant to Utah Code section 78–7–9.5. Utah R. Jud. Admin. 3–108(3).

2. In its contempt order, the court also referenced previous acts of contempt. Weiskopf's acts in the certification hearing alone are sufficient to support the contempt order, and thus a discussion of the previous acts is unnecessary.

chambers." *Id.* Even though the juvenile court waited until the end of the certification hearing to issue the contempt order, Weiskopf's contemptible actions took place in the court's presence; therefore, it properly exercised its summary contempt powers. *See, e.g., Sacher v. United States,* 343 U.S. 1, 11, 72 S.Ct. 451, 96 L.Ed. 717 (1952) (holding that "if [a judge] believes the exigencies of the trial require that he defer judgment until its completion[,] he may do so without extinguishing his [summary contempt] power").

¶ 5 Weiskopf also asserts that his due process rights were violated. "[D]ue process requirements are satisfied in a summary proceeding for direct contempt because the judge has personally witnessed the acts constituting contempt and the person committing the contempt has full knowledge of the nature of the contempt charge and an opportunity to defend against the charge." *Von Hake v. Thomas,* 759 P.2d 1162, 1170 (Utah 1988). Weiskopf knew the "nature of the contempt." *Id.* The juvenile court specifically warned Weiskopf that if he continued to argue with the court, he would be found in contempt. Further, the juvenile court provided him an "opportunity to defend" his actions, first at the certification hearing moments after the alleged contempt, and again at the sentencing hearing. *Id.* Therefore, the juvenile court did not violate Weiskopf's due process rights by proceeding summarily.[3]

 ¶ 6 Finally, Weiskopf contends that the juvenile court should be bound by the May 11, 2004 signed minute entry, which states that "[t]he court does find Attorney Weiskopf's conduct was contemptible, but does not find him in contempt." "It is settled law that a trial court is free to reassess its decision at any point prior to entry of a final order or judgment." *Ron Shepherd Ins. v. Shields,* 882 P.2d 650, 654 (Utah 1994). The signed minute entry may be treated as final when "the ruling specifies with certainty a final determination of the rights of the parties and is susceptible of enforcement." *Swenson Assocs. Architects v. State,* 889 P.2d 415, 417 (Utah 1994) (quotations and citation omitted); *see also State v. Leatherbury,* 2003 UT 2,¶ 9, 65 P.3d 1180 ("A signed minute entry will not be considered a final order where its language indicates that it is not intended as final."). The minute entry did not specify a "final determination of the rights of the parties," but merely continued the certification hearing. Therefore, the minute entry did not constitute a final judgment, and the juvenile court could properly reconsider its decision regarding Weiskopf's contemptuous behavior.

¶ 7 Accordingly, we affirm the juvenile court's order of contempt.

BILLINGS, P.J. and WILKINS, Associate Chief Justice, concur.

---

**3.** The delay in the issuance of the contempt order did not violate Weiskopf's due process rights because the juvenile court allowed him an opportunity to be heard. *See Taylor v. Hayes,* 418 U.S. 488, 498–99, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). The United States Supreme Court stated in *Taylor* that "where conviction and punishment are delayed, it is much more difficult to argue that action without notice or hearing of any kind is necessary to preserve order and enable [the court] to proceed with its business." *Id.* at 498, 94 S.Ct. 2697 (quotations and citation omitted). However, the Supreme Court did not overrule its decision in *Sacher,* where it had expressly approved deferral of a summary contempt judgment until after trial was completed. *See Sacher v. United States,* 343 U.S. 1, 11, 72 S.Ct. 451, 96 L.Ed. 717 (1952). The Supreme Court noted that, like in our case, "the [attorneys] in the *Sacher* case were given an opportunity to speak and the trial judge would, no doubt[,] have modified his action had their statements proved persuasive." *Taylor,* 418 U.S. at 499, 94 S.Ct. 2697 (second alternation in original) (citation and quotations omitted).