2005 UT App 388

STATE of Utah, Plaintiff and Appellee,

v.

Enoch HANKERSON, Defendant and Appellant.

No. 20020974–CA.

Court of Appeals of Utah.

Sept. 15, 2005.

---

Heather Chesnut and Robert K. Heineman, Salt Lake City, for Appellant.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS, and ORME, JJ.

## MEMORANDUM DECISION

DAVIS, Judge:

¶ 1 This case is before us on remand from the Utah Supreme Court. In *State v. Hankerson*, 2005 UT 47, 531 Utah Adv. Rep. 7, the supreme court reversed the appeals court determination that Defendant's motion to dismiss tolled the 120–day speedy trial period required under Utah Code section 77–29–1, *see* Utah Code Ann. § 77–29–1 (2003), and now instructs us to address the remaining issues raised by the State.

■ ¶ 2 First, the court asks us to address the State's contention that Defendant's motion to dismiss was ineffective because he filed the motion on August 2, 2002, four days before the expiration of the 120–day period. Although the State did not raise this specific issue in its brief to the court of appeals, we address it here based on the arguments presented in the briefs before the supreme court. The State suggests that under Utah law "the filing of a premature motion to dismiss should not be effective because [D]efendant's statutory right has not been violated." To support this conclusion, the State refers us to those cases in which we have held a disposition request to be premature and invalid when submitted before the prosecutor has filed a criminal information. *See, e.g., State v. Leatherbury*, 2003 UT 2, ¶¶ 11–12, 65 P.3d 1180. In the case of a premature disposition request, such a result is mandated by the speedy trial statute itself, *see* Utah Code Ann. § 77–29–1(1) (permitting defendant to file disposition request only in regards to "any untried indictment or information"), but here, we decline to hold that, by analogy, a motion to dismiss filed before the expiration of the 120–day period should be similarly invalid. Moreover, to the extent that the State claims Defendant's motion to dismiss caused confusion and delay, we note that the supreme court's prior holding in this case is dispositive: unless "the defendant's actions *actually* delayed the trial," any resultant delay cannot be attributed to Defendant. *Hankerson*, 2005 UT 47 at ¶ 12, 2005 WL

1845548. The State alleges no such actual delay here.

 ¶ 3 Similarly, the State's contention that Defendant's continuance obtained on April 3, 2002 further delayed the proceedings and should toll the 120–day period is also disposed of under the holding in *Hankerson* because the continuance did not result in an actual postponement of the trial date. *See id.*

 ¶ 4 Next, the State argues that, as the trial court concluded, Defendant's multiple disposition requests created sufficient confusion to justify the State's delay. However, any delay caused by Defendant's three requests is attributable only to the State and not to Defendant. Defendant only submitted three disposition requests because the Division of Institutional Operations of the Department of Corrections improperly voided his first two requests for lack of adequate funds. Presumably, he would have made only one request had the first been properly processed. Moreover, it is difficult to see how multiple requests, all to the same effect, would result in confusion rather than simply register as single-minded determination.

 ¶ 5 Finally, the State argues that the trial date was scheduled outside the 120–day period due to defense counsel's scheduling conflict. At the scheduling hearing on July 2, 2002, the State, Defendant's counsel, and the trial court understood that the 120–day period would end on September 13. With this in mind, the trial court offered two trial dates: July 31, which was later determined to be within the actual 120–day period ending August 6, or August 14, which was later determined to be beyond the actual 120–day period. Because Defendant's counsel had a separate trial before the same judge on July 31, the parties agreed to the August 14 trial date. The State now contends that the trial would have been held on July 31 but for defense counsel's schedule.[1] To be sure, good cause to exceed the 120–day limit exists when the trial court "extend[s] the trial date to a reasonable time outside the disposition period to accommodate, in part, defense counsel's schedule." *State v.*

*Heaton*, 958 P.2d 911, 917 (Utah 1998). Here, however, the record indicates that defense counsel also understood September 13 to be the operative deadline and did not knowingly extend the trial date beyond what was only later determined to be the actual 120–day period. Thus, when defense counsel's schedule mandates a trial date which was thought to be within the 120–day period but later determined to be outside, we cannot attribute the delay to Defendant because there is no indication of "his willingness to temporarily waive his right to a speedy trial." *Id.* at 916.

¶ 6 Having considered the arguments we found unnecessary to reach in the first instance, in accordance with the supreme court's mandate, and having rejected the State's arguments on appeal, we reverse the trial court's order and dismiss the charges against Defendant with prejudice.

¶ 7 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and GREGORY K. ORME, Judge.

---

1. This is assuming the trial court could have, in fact, conducted the trial on July 31.