2006 UT App 113

**Nicole H. CODE fka Nicole L. Handrahan, Plaintiff and Appellant,**

v.

**UTAH DEPARTMENT OF HEALTH and Utah School for the Deaf and Blind, Defendants and Appellees.**

No. 20050255–CA.

Court of Appeals of Utah.

March 23, 2006.

Brad C. Smith and Benjamin C. Rasmussen, Stevenson & Smith, P.C., Ogden, for Appellant.

Mark L. Shurtleff, Atty. Gen., Debra J. Moore, Asst. Atty. Gen., and Brent A. Burnett, Salt Lake City, for Appellees.

Before BENCH, P.J., McHUGH and ORME, JJ.

MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). We conclude we lack jurisdiction over this appeal because Appellant's notice of appeal was untimely.

 ¶ 2 Under rule 3 of the Utah Rules of Appellate Procedure, an appeal is allowed from "final orders and judgments." Utah R.App. P. 3(a). The rules also specify that the notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). Thus, the thirty-day period begins with the entry of a judgment or other final order.

¶ 3 "[F]or a judgment to be final and start the time for appeal to run, there must be a judgment which is definite and unequivocal in finally disposing of the matter." *Utah State Bldg. Bd. v. Walsh Plumbing Co.*, 16 Utah 2d 249, 399 P.2d 141, 144 (1965). The district court's Memorandum Decision here was just such a disposition, explicitly dismissing Appellant's claim. "The Utah Supreme Court has recognized that an order is final where 'the effect of the order ... was to determine substantial rights ... and to terminate finally the litigation'...." *Harris v. IES Assocs., Inc.*, 2003 UT App 112, ¶ 56, 69 P.3d 297 (first and second omissions in original) (citation omitted). The parties' substantive rights in this case were definitively and unequivocally determined by the Memorandum Decision; the decision's unambiguous language was clearly intended to end the litigation.

¶ 4 At the end of its signed Memorandum Decision, after setting forth its thorough legal analysis, the district court concluded: "For the reasons stated above, the Court dismisses Plaintiff's claim." No further order was invited or contemplated by the terms of the Memorandum Decision, nor is such even implied by the decision's language. *Cf. State v. Leatherbury*, 2003 UT 2, ¶ 9, 65 P.3d 1180 ("[W]here further action is contemplated by the *express language* of the order, it cannot be a final determination susceptible of enforcement.") (emphasis added). Thus, Appellant had thirty days from the date the Memorandum Decision was entered—January 10, 2005—to file her notice of appeal. The notice was not filed, however, until March 8, 2005—long after the thirty-day period had ended. We therefore lack jurisdiction to hear this appeal. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616, *cert. denied*, 21 P.3d 218 (Utah 2001).

¶ 5 Appellant disagrees, arguing that the relevant date to determine timeliness of the appeal is February 25, 2005, the date the district court signed the order of dismissal that she eventually submitted. The subsequent order, however, did not restart the time for appeal because the order did not alter the substantive rights of the parties in any way; it did nothing more than reiterate the dismissal already fully effectuated by the Memorandum Decision.[1] *See Foster v. Montgomery*, 2003 UT App 405, ¶ 18, 82 P.3d 191 ("Where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment.") (internal quotations and citation omitted), *cert. denied*, 90 P.3d 1041 (Utah 2004).

¶ 6 Appellant additionally argues that the January 10 order was not final because further action was required by rule 7 of the Utah Rules of Civil Procedure, which pro-

vides that "the prevailing party shall, within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision." Utah R. Civ. P. 7(f)(2). This, however, is simply the default rule that applies to those situations where responsibility for preparation of the court's order has not been "otherwise directed by the court."[2] *Id.* When the court issues its own Memorandum Decision, which explicitly and unambiguously dismisses the underlying claim without inviting submission of a further order, it leaves nothing more to be done. Such clear action by the trial court necessarily serves under rule 7(f)(2) as direction from the court that the prevailing party need not draft an order, and thus renders the Memorandum Decision final and appealable.

¶ 7 Accordingly, we dismiss for lack of jurisdiction.

¶ 8 I CONCUR: RUSSELL W. BENCH, Presiding Judge.

McHUGH, Judge (concurring):

¶ 9 I concur in the main opinion. I write separately to address the possible confusion created by the conflict between the controlling precedent and the Utah Rules of Civil Procedure. The cases from this court and the Utah Supreme Court that are cited by the majority hold that a decision of the trial court that fully determines the substantive rights of the parties is final for purposes of appeal absent express language to the contrary. *See State v. Leatherbury*, 2003 UT 2, ¶ 9, 65 P.3d 1180; *Harris v. IES Assocs.*, 2003 UT App 112, ¶ 56, 69 P.3d 297.

¶ 10 However, rule 7(f) of the Utah Rules of Civil Procedure provides, in relevant part:

(f)(1) An order includes every direction of the court, including a minute order entered in writing, not included in a judgment. . . .

---

1. The order, in its entirety, simply states: "This matter came before the Court on Defendant's Motion to Dismiss pursuant to Utah R. Civ. P. 12(b)(6). The Court having been fully apprised of this matter and having issued its Memorandum Decision dated 10 January 2005, and based there[on], the Court orders that Plaintiff's claims are dismissed with prejudice."

2. Appellant's reliance on the plain language of rule 7 is paradoxical at best, as Appellant was not "the prevailing party" and did not submit her proposed order "within fifteen days after the court's decision." Utah R. Civ. P. 7(f)(2). Nor did the district court "direct[ ]" Appellant, rather than the prevailing party, to submit an order. *Id.*

(f)(2) Unless the court approves the proposed order submitted with an initial memorandum, *or unless otherwise directed by the court,* the prevailing party shall, within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision. Objections to the proposed order shall be filed within five days after service. The party preparing the order shall file the proposed order upon being served with an objection or upon expiration of the time to object.

Utah R. Civ. P. 7(f)(1)-(2) (emphasis added).[1]

¶ 11 Thus, while the clear precedent from Utah appellate courts holds that a decision of the trial court is final for purposes of appeal unless the written decision expressly requires further action, *see Leatherbury,* 2003 UT 2 at ¶ 9, 65 P.3d 1180; *Harris,* 2003 UT App 112 at ¶ 56, 69 P.3d 297, rule 7(f) contemplates that a subsequent order will be entered after every decision unless the court directs otherwise, *see* Utah R. Civ. P. 7(f). The presumption under the Utah Supreme Court authority is in favor of finality, while the presumption in rule 7(f) is that a further order is required. Although the case law specifically addresses the issue of finality for purposes of appeal, while the rule is concerned with appropriate procedure, the interaction between the two can lead to confusion for practitioners.

¶ 12 The timely filing of a notice of appeal is jurisdictional. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶ 7, 13 P.3d 616. Consequently, correctly assessing the time at which a decision becomes final for purposes of appeal is critical. Because the procedure set forth in rule 7(f) may lull practitioners into the mistaken belief that a decision of the trial court does not become final for purposes of appeal until an order is entered, clarity in the initial memorandum decision is essential. I believe the better practice for all concerned is for the decision to state expressly either

that "no further order is necessary" or that the prevailing party "shall prepare an order implementing this court's decision."

¶ 13 I agree with the majority that the Memorandum Decision here completely resolved the substantive rights of the parties, dismissed the complaint, and did not expressly require any further action. Yet, I am sympathetic to the difficulty in assessing the proper moment when the decision becomes final for purposes of appeal when the trial court is silent on that issue.

---

1. The substance of what is now rule 7(f) of the Utah Rules of Civil Procedure was previously contained in the Utah Code of Judicial Administration. *See* Utah R. Jud. Admin. 4–501 to 4–509 (noting that rule 4–504 was repealed effective November 1, 2003, and replaced with a comparable provision in the Utah Rules of Civil Procedure). Effective November 1, 2003, subpart (f) was added to rule 7 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 7 & amendment notes (providing that the 2003 amendment, which added subpart (f), became effective November 1, 2003).