**2013 UT App 169**

### THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF D.T. AND H.T.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

R.T.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130374-CA
Filed July 11, 2013

Seventh District Juvenile, Monticello Department
The Honorable Mary L. Manley
No. 1045676

Happy Morgan, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES THORNE, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1     R.T. (Mother) appeals the juvenile court's March 25, 2013 Findings of Fact, Conclusions of Law and Order (the adjudication order) concluding that she neglected her minor children. In her petition on appeal, Mother also states for the first time that she appeals the March 19, 2013 Minutes, Findings, and Order (the disposition order) and the February 19, 2013 Minutes, Findings and Order on an Order to Show Cause for adult contempt (the contempt order).

¶2     We lack jurisdiction to consider an appeal from the contempt order. The juvenile court found Mother to be in contempt after an order to show cause hearing held on February 14, 2013. *See* Utah Code Ann. § 78A-6-1101(1) (LexisNexis 2012) (stating that a person who willfully violates or refuses to obey a juvenile court order may be proceeded against for contempt). The juvenile court found that the adult contempt proceedings were criminal contempt proceedings and required proof beyond a reasonable doubt. A criminal contempt order is separate from the ongoing proceedings and is appealable as a matter of right. *See Boggs v. Boggs*, 824 P.2d 478, 480–81 (Utah Ct. App. 1991) ("A judgment of criminal contempt is generally considered to be a final order separate from ongoing proceedings and appealable as a matter of right."). Accordingly, the juvenile court advised Mother and her counsel at the hearing that any appeal must be filed within thirty days of the entry of the contempt order. The written order, entered on February 19, 2013, again advised Mother that she must appeal within thirty days from the date of that order. *See* Utah Code Ann. § 78A-6-1109(7) (LexisNexis 2012) (stating that an appeal of right from orders other than those entered in a child welfare proceeding shall be taken within thirty days after entry of the order). Mother did not file a timely notice of appeal from the contempt order. The notice of appeal filed on April 9, 2013, included the case number for the adult contempt case, but it was both untimely and stated only that it was taken from the adjudication order entered in the child welfare case on March 25, 2013. We lack jurisdiction over Mother's appeal from the contempt order.

¶3     In order to overturn the juvenile court's decision, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the

evidence. *Id.* Furthermore, the juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and to make findings of fact based upon those determinations. *In re L.M.*, 2001 UT App 314, ¶¶ 11–12, 37 P.3d 1188. Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶4 Although Mother claims that she is also appealing the disposition order, she did not identify that order in her notice of appeal and her petition on appeal contains no issue or argument directed to that order. Furthermore, the transcript of the disposition hearing reflects that Mother did not personally appear and her counsel stated that Mother did not oppose the juvenile court's decision to grant permanent custody to the children's natural father. Accordingly, we do not consider any issues related to the disposition order.

¶5 Mother contends that the juvenile court erred by basing its neglect adjudication solely upon two positive drug tests and by inappropriately applying *In re. S.Y.*, 2003 UT App 66, 66 P.3d 601, to supplant the State's requirement to present evidence of neglect. Utah Code section 78A-6-105(27) defines neglect to include lack of proper parental care by reason of the parent's faults or habits. *See* Utah Code Ann. § 78A-6-105(27)(a)(ii) (LexisNexis 2012). Mother claims that the juvenile court based its neglect findings solely upon methamphetamine use and rendered the statutory definition of neglect meaningless by failing to consider evidence of her otherwise adequate parental care. We consider Mother's claim as a challenge to the sufficiency of the evidence to support the findings of fact. The juvenile court's findings, both oral and written, demonstrate a progression in reasoning that was not based solely upon Mother's positive drug tests and was instead based upon the totality of the circumstances, including the positive drug tests, Mother's past history, and her current behavior. The transcript reflects that the juvenile court correctly described the holding in *In re S.Y.* as affirming the finding of a juvenile court that

methamphetamine use was inconsistent with responsible parenting. *See id.* ¶ 20. The juvenile court in this case made findings of fact that included its agreement "that the use of methamphetamine by a parent is totally and completely inconsistent with responsible parenting." However, the juvenile court's reasoning did not end there and the court also found that Mother's admitted relapse, her frequent absences, inconsistent housing, lack of stability, and other behaviors were a part of the totality of the circumstances demonstrating neglect. Mother does not demonstrate clear error in those findings. Because there is a basis for the neglect findings in the record, we do not disturb the findings of fact on appeal.

¶6 Mother also claims that the removal and the subsequent neglect adjudication was based upon daughter D.T.'s anxiety rather than on a demonstration of actual parental neglect. The juvenile court found that where there was conflict between the testimony of Mother and that of D.T., D.T. was more credible, and also found that D.T. did not have a motive to fabricate.

> [T]he juvenile court in particular is given a wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field, and . . . devoted. . . attention to such matters. . . .

*In re E.R.*, 2001 UT App 66, ¶ 11 (citations and internal quotation marks omitted). Accordingly, we defer to the juvenile court's credibility determination.

¶7 Mother claims that inaccuracies in the warrant application and affidavit resulted in the issuance of a warrant for removal that was not supported by probable cause. She contends that the juvenile court erred by ruling that any challenge must have been made at the shelter hearing. However, the record reflects that the

juvenile court allowed Mother to present evidence of the alleged errors, considered the arguments, and ultimately found that probable cause was demonstrated by a preponderance of the evidence based upon Mother's prior history of drug use, the current suspicions of drug use, and D.T.'s reports regarding housing, food, and the other persons staying with the family. Mother does not demonstrate that the juvenile court's findings were clearly erroneous. The issue as stated in her petition is whether the juvenile court "mistakenly ruled that it could not revisit the removal, thus failing to provide the Mother with a fair process." However, the juvenile court did consider Mother's arguments and rejected them on the merits. Mother has not demonstrated error in the juvenile court's ruling.

¶8     Accordingly, we affirm.

—————